KINGS COUNTY.—HON. ABRAHAM LOTT, SURRO-
GATE.—July, 1887.

MATTER OF McGARVEY.

*In the matter of the estate of* SAMUEL W. WOOLSEY,
*deceased.*

The exemption from taxation, extended by the "act to tax gifts, legacies,"
etc. (L. 1885, ch. 483), to a devise or bequest in favor of the "husband
of a daughter" is unaffected by the circumstance of the death of the
latter occurring before that of the testator, her parent.

IN the proceedings for a judicial settlement of ex-
ecutors' account, Frances W. McGarvey, infant lega-
tee and devisee under the will, filed an objection,
showing that the executors had paid a legacy of
$10,000 to Edward McGarvey, widower of a deceased
daughter of testator, without deduction of legacy tax,
and contending that the executors should be person-
ally charged with, and required to pay the tax with
interest.

HENRY MAJOR, *special guardian.*

THE SURROGATE.—I think that the legacy to Ed-
ward McGarvey is not subject to the collateral inheri-
tance tax. The statute exempts the husband of a
daughter. It is true the wife of McGarvey died be-
fore the testator, but I think this does not affect the
matter. The legislature may have had in view more
than the benefit accruing to the wife of the legatee
by this exemption. The children of a deceased daugh-
ter may have been considered as favored by the ex-
emption, from this tax, of a legacy to their father.