(No. 19200.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* E. P. KESHNER, Exr., Appellant.

*Opinion filed December 20, 1928.*

MCHALE & MCHALE, for appellant.

Oscar E. Carlstrom, Attorney General, and Royce A. Kidder, for appellee.

Mr. Justice Heard delivered the opinion of the court:

Anton Daenzer died leaving a last will and testament, which was duly entered of record in the county court of St. Clair county. In and by this last will and testament he provided, among other things: "I hereby nominate and appoint E. P. Keshner executor of this my last will and testament, he being a personal friend of mine and having agreed to accept for his services in full as such executor one per cent of the proceeds of real estate sold and three per cent of all personal property which is handled and distributed by him; and in case the said E. P. Keshner should be unable to act as such executor, or decline so to do, then I hereby nominate as the alternative executor Arthur Eidman of Belleville, Illinois, as my executor, he having agreed to act upon the same terms and for the same compensation as Mr. Keshner would have done." One per cent of the value of Daenzer's real estate and three per cent of his personal property, as the same was appraised for inheritance tax purposes, would amount to $1361. The inheritance tax appraiser considered the provision of Daenzer's will above quoted as a bequest and subject to an inheritance tax and fixed the sum of $126.10 as inheritance tax due from Keshner. He, as executor, contended that there was no bequest to him but merely a limitation reducing his commission below the legal rate. The county judge approved the report of the appraiser, and on appeal to the county court judgment was entered for the State and against Keshner, as executor, for the sum of $126.10 as inheritance tax, from which judgment Keshner, as executor, has appealed to this court.

The Inheritance Tax law imposes a special tax, and in cases of doubt the language must be construed strictly against the government and in favor of the tax-payer. (*In re Estate of Ullmann*, 263 Ill. 528.) An adminis-

trator's or executor's fee is an expense of administration and is a proper deduction before computing an inheritance tax. (*People* v. *Ballans,* 294 Ill. 551.) The costs and expenses of administration, which should be and always are deducted, do not pass by the will. (*People* v. *Bauder,* 271 Ill. 446.) By the clause of the will in question Daenzer did not make a bequest to Keshner. He merely designated him as the executor of his last will and testament, and recited that he had agreed to accept for his services in full as such executor one per cent of the proceeds of the real estate sold and three per cent of all personal property which was handled and distributed by him. He did not make him a bequest of $1361. Therein this case differs from *People* v. *Bauder, supra,* wherein the testator by his will gave Bauder and Abram, who were named to act as trustees after the widow's death, $5000 on condition that they would not charge or accept any further sum for their services as executors or trustees. In speaking of that bequest this court said: "They had, of course, performed no services as executors or trustees, and whether they ever would render any services as trustees was uncertain, for the widow might live until the son arrived at the age when the property became his free from the trust. These things were all in the contemplation of the testator when he made the bequest. He desired the appellants to have the money, however small the value of any service rendered might be, and it was taxable as property passing to them by will." By the clause of Daenzer's will in question, Keshner, as executor, was not given a bequest and there was no income tax due from him.

The judgment of the county court of St. Clair county is therefore reversed. 

*Judgment reversed.*