TAX COMMISSION OF OHIO *v.* HIRSCH ET AL., EXRS., ET AL.

(Decided February 4, 1929.)

*Mr. Edward C. Turner,* attorney general, *Mr. Clarence A. Dorger,* and *Mr. William H. Middleton, Jr.,* for plaintiff in error.

*Messrs. Moulinier, Bettman & Hunt,* for defendants in error.

Ross, J. This case originated in the probate court of Hamilton county, wherein an order was entered fixing the inheritance tax in the estate of Simon Hirsch. Exceptions were taken to the order of the probate court by the defendants in error, the executors of the estate of Simon Hirsch, and Isaac Ivan Lemann, legatee, and the exceptions were sustained by the court of common pleas. The case comes into this court on error, the tax commission of Ohio, plaintiff in error, seeking to reverse the judgment of the court of common pleas and sustain the tax as ordered by the probate court.

There are two principal questions presented to us:

First. What estate was created in Dr. Isaac Ivan Lemann by article 7 of the will of the decedent, Simon Hirsch; and, second, what rate of tax applies to

the transfer of said estate bequeathed by article 7 to Dr. Isaac Ivan Lemann?

Article 7 of the will in question follows:

"Article 7. One part I give and bequeath to my Trustees hereinafter named, to be held in Trust, for my daughter Stella Hirsch Lemann, she to receive the interest thereof during her lifetime, should she die before her husband does, this fund is to be divided into (3) three equal parts. One part to be held in Trust for Paul B. Lemann her son, one Part for Richard B. Lemann her son, until they reach the age of thirty years respectively. Should my trustees however in their wisdom conclude that said Paul B. Lemann or said Richard B. Lemann receive part or all of their respective share any time after the age of (21) twenty-one years respectively they may pay to them such part, or all of their respective share. The interest of their respective share however or part thereof may be paid to them at any time after my death if my Trustees find it wise and expedient to do so,—Doctor Isaac Ivan Lemann my son-in-law shall receive the third part of this trust fund, same to become his property if he outlives my daughter Stella H. Lemann; should he die however before my daughter Stella H. Lemann does, then this Third part of this trust fund reverts to my trustees and goes back to the Trust Fund for my daughter Stella H. Lemann, and, at her death, shall be divided between her sons Paul B. Lemann and Richard B. Lemann in equal Parts to be held in Trust for them, until they reach the age of (30) thirty years respectively, should my Trustees however in their wisdom conclude that said Paul B. Lemann and said Richard B. Lemann receive part or all of their

share in this share at any time after the age of 21 years respectively they may pay to them such part or all of their respective share of this share and interest of their share in this share may be paid to them at any time after my death, if my Trustees or when my trustees find it wise and expedient to do so.''

The legacy in question was assessed by the probate court as a succession to the son-in-law; that is, the succession was treated as falling within the highest rate class of any person who by any valid construction under article 7 of the will, or by intestacy, could possibly be the legatee or distributee of Simon Hirsch.

It is admitted by both parties that the rate applicable to the succession in question is the rate provided by the statutes of Ohio governing a son-in-law.

The tax was assessed on the basis of a life estate in Stella Hirsch Lemann, the vested remainders to the two sons, and a contingent remainder in one-third to Dr. Isaac Ivan Lemann, with a contingent remainder in the two sons of the one-third interest bequeathed to Dr. Isaac Ivan Lemann, should he predecease his wife, the daughter of the testator.

Unquestionably, the only interest Dr. Lemann had was a contingent remainder; that is, a succession based upon a contingency, the death of his wife and the fact that he was living at the time of her death.

Section 5343, General Code, provides as follows:

''When, upon any succession, the rights, interests, or estates of the successors are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon such successions at the

highest rate which, on the happening of any such contingencies or conditions, would be possible under the provisions of this subdivision of this chapter, and such taxes shall be due and payable forthwith out of the property passing, and the probate court shall enter a temporary order determining the amount of such taxes in accordance with this section; but on the happening of any contingency whereby the said property, or any part thereof, passes so that such ultimate succession would be exempt from taxation under the provisions of this subdivision of this chapter, or taxable at a rate less than that so imposed and paid, the successor shall be entitled to a refunder of the difference between the amount so paid and the amount payable on the ultimate succession under the provisions of this chapter, without interest * * *.''

It is admitted that this section is applicable to the succession involved, and, as the highest rate would be upon succession to a son-in-law, it becomes necessary to determine the rate on that succession, which brings us to the second question: What is the rate on a contingent succession to a son-in-law of the decedent?

Section 5335, General Code, fixes the rates of taxation. Paragraph 2 of said section fixes the 5, 6, 7, and 8 per cent. rate on successions provided for in paragraph 3 of Section 5334, therein set forth.

It is urged by the executors, the exceptors, being the defendants in error here, that a son-in-law comes within the descriptive words in paragraph 3 of Section 5334, General Code, ''the husband of a daughter of the decedent,'' and by reference takes the $500 exemption and the 5, 6, 7, and 8 per cent. rate provided for in paragraph 2 of Section 5335.

On the other hand, the tax commission claims that, as the son-in-law in this case would only take upon the decease of his wife, and that upon her decease the son-in-law would be her widower, he would not be a husband of a daughter, but, on the contrary, the widower of the daughter, and consequently does not come under the successions embraced in paragraph 3, Section 5334, General Code, and that, there being no succession in the statutes specifically designating either a widower or son-in-law in these terms, his rate is fixed by paragraph 3 of Section 5335, which provides a higher rate than that provided for a "husband of a daughter" in paragraph 3 of Section 5334, as follows:

"3. On all successions passing to persons other than those hereinbefore mentioned, or to institutions or corporations:

"(a) Seven per centum on the value of the property up to and including the sum of twenty-five thousand dollars;

"(b) Eight per centum on the next seventy-five thousand dollars, or any part thereof;

"(c) Nine per centum on the next one hundred thousand dollars, or any part thereof;

"(d) Ten per centum on the amount representing the balance of the value of each individual succession."

It is urged that because the daughter and son-in-law were both living at the time of the decease of the testator, the son-in-law takes as the "husband of the daughter." We think this proposition untenable, since the son-in-law will not "succeed" to the bequest until the death of his wife, and the tax is upon "succession," though collected, for reasons of policy,

by the state in advance, with ample and fair provisions for refunder in case the succession actually effected takes a lower rate.

Section 5331, General Code, defines "succession" in paragraph 2: " 'Succession' means the passing of property in possession or enjoyment, present or future."

We are asked to hold that the Legislature intended in the term "husband of a daughter" to include both husband of a deceased daughter and husband of a living daughter, although in a previous line of the same section the Legislature specifically states, as applicable to the spouses of sons, "the wife or widow of a son."

Our attention has been directed to paragraphs of the Ohio statutes in which it is claimed the words "wife" or "husband" are used interchangeably with "widow" and "widower."

In the statutes noted, either the meaning of the words used is absolutely fixed beyond question by the subject-matter of the section, as where the expression, "the wife of the decedent," is employed, or the word "relict" is used after the designation of the spouse. In the arguments of counsel for defendants in error, the word "relict," in the appropriate portions of the statutes quoted, seems to have been overlooked.

It has been brought to our notice that Section 5334, subdivision 3, was derived from the Ohio collateral inheritance tax statute, and that this inheritance tax statute was derived from the New York collateral inheritance tax statute, and that similar phraseology to that in question, involving the construction of the words "husband of a daughter," has

been construed by the New York courts as including widower of a daughter, and these New York decisions preceded the adoption of our own inheritance tax law.

We are of opinion that, since our Legislature was advised of the necessity of such judicial construction when it enacted its own inheritance tax law, and still refused to include the words "widower of a daughter" in the appropriate section, such omission was studied, and not accidental or based upon loose legislation in incorporating foreign judicial construction in Ohio statutes.

It is also pertinent to note the many cases in the Ohio statutes where the widow is given preference over a widower in similar circumstances. The reason for such favoritism is obvious.

It has been urged by plaintiff in error that certain contingencies might occur resulting in the bequest, through intestacy, ultimately reaching strangers. We think such a construction would render futile the classification of successions for taxing, and that the instrument only is to be looked to for the classification of succession.

It is our opinion, therefore, that the tax on the succession to Dr. Isaac Ivan Lemann, under article 7 of the will of Simon Hirsch, deceased, should be controlled by Section 5335, paragraph 3, of the General Code, which fixes the rate at 7, 8, 9, and 10 per cent., and with no exemption.

For the reasons given, the judgment of the court of common pleas will be reversed, and the order of the probate court will be affirmed.

*Judgment of common pleas court reversed; probate court affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.