(No. 21883.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
NOBLE E. SNYDER *et al.* Appellees.

*Opinion filed June 16, 1933—Rehearing denied October 6, 1933.*

OTTO KERNER, Attorney General, (JOSEPH ROLNICK, of
counsel,) for appellant.

WETTEN, PEGLER & DALE, (GREYDON L. WALKER, of
counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is an appeal by the People from an order of the
county court of Cook county approving and affirming an
order of the county judge of that county fixing and assess-
ing inheritance taxes in the estate of Douglas W. Hutch-
inson, deceased.

Douglas W. Hutchinson, a resident of Cook county, died April 10, 1930, leaving a will dated February 11, 1930, which was duly admitted to probate in the probate court of that county. By the residuary clause of the will one-tenth of the testator's residuary estate was devised and bequeathed to Noble E. Snyder, who was not related to the testator other than by marriage. Snyder's wife, Helen Snyder, a daughter of the testator, died about a year before the testator's death. The residuary estate of the testator was appraised at $897,644.20. The portion thereof which passed to Snyder was appraised at $89,766.42. By his order the county judge fixed the tax on the property which passed to Snyder at $1790.66. This amount of tax was computed by first allowing a deduction of $20,000 from the appraised value and taking two per cent of $50,000 and four per cent of $19,766.42, the balance. The amount of tax was computed and fixed on a finding that Snyder was the "husband of the daughter" of the testator within the meaning of those words as used in section 1 of the Inheritance Tax act. The Attorney General contends that since Snyder's wife died before the testator, Snyder was not the husband of a daughter of the testator at the time the testator died, and that the amount of tax should have been computed by allowing a deduction of only $100 from the appraised value of the property passing to Snyder and taking ten per cent of $20,000, twelve per cent of $30,000 and sixteen per cent of $39,666.42, the remainder.

Section 1 of the Inheritance Tax act provides that "when the beneficial interest to any property or income therefrom shall pass to or for the use of any father, mother, lineal ancestor of decedent, husband, wife, child, brother or sister, wife or widow of the son or the husband of the daughter," the rate of tax shall be two per cent on any amount up to and including the sum of $50,000 in excess of the exemption and four per cent on the next $100,000, or any part thereof. That section further provides that any gift, legacy or interest "passing to a father, mother,

lineal ancestor of decedent, husband, wife, child, wife or widow of the son or the husband of the daughter" which may be valued at a less sum than $20,000 shall not be subject to any such duty or taxes, and the tax shall be levied in such cases only upon the excess of $20,000 received by each person. If Noble E. Snyder at the death of the testator was the "husband of the daughter" of the testator within the meaning of those words as used in the act then the amount of the tax was properly and correctly computed and fixed by the county court, but if Snyder was not the "husband of the daughter" of the testator within the meaning of those words as used in the act the tax should have been computed and fixed in accordance with the contention of the Attorney General.

The Inheritance Tax act in question was enacted in 1909, and the words in question in section 1 of the act which are above quoted are the same words that were used in section 1 of the Inheritance Tax act of 1895. (Laws of 1895, p. 301.) The words are substantially the same as those used in the New York statute of 1885 relating to inheritance taxes and were taken from that act and incorporated in our act of 1895, from which they were taken and incorporated in our present statute. This court has often referred to the fact that our Inheritance Tax law was taken from the New York law, and in construing our statute has said that it is to be presumed that the act was adopted with the construction given it by the courts of that State. (*People* v. *Griffith*, 245 Ill. 532; *People* v. *Union Trust Co.* 255 id. 168; *People* v. *Carpenter*, 264 id. 400; *People* v. *Kellogg*, 268 id. 489; *People* v. *Northern Trust Co.* 289 id. 475.) In 1887 the surrogate of King's county, New York, in a decision under the statute of that State, decided that the words "husband of a daughter" included the surviving husband of a deceased daughter. (*In re Woolsey*, 20 N. Y. 135.) And in 1895 the surrogate's court of Madison county, New York, held that those words

included the surviving husband of a deceased daughter although he had re-married. (*In re Roy's Estate,* 13 Misc. 480, 35 N. Y. Sup. 481.) This construction of those words was adopted by the Supreme Court of New Jersey in *Clay v. Edwards,* 84 N. J. 221, 86 Atl. 548, decided in 1913, in construing the words of the statute of that State, which had been adopted from the New York act. In that case the court said: "Although the decisions referred to are not the pronouncements of the highest court of the State, the fact that surrogates deal largely and exclusively with matter relating to the estates of deceased persons qualifies them with expert knowledge of the subject, and coupled with the further facts that no appeal was taken from either decision, and that the construction placed on the words 'husband of a daughter,' as contained in the act of 1885, by the surrogates, to the effect that they include the surviving husband of a deceased daughter, and that the circumstances that the husband has re-married does not deprive him of his right to exemption under the act, yet nevertheless the legislature of the State of New York, in view of all this, in enacting the tax law of 1909, made no change in that regard but left the phrase 'husband of a daughter' undisturbed. The words 'husband of a daughter' having been thus judicially determined, as to their meaning, by the decisions referred to for more than twenty years prior to the passage of the act of 1909, and so far as it appears (there being no decision to the contrary) acquiesced in by the bench and bar of that State, afford confirmatory and contemporaneous evidence of their meaning." It should be noted that the words of the New York statute were, "wife or widow of a son or the husband of a daughter," and of the New Jersey statute were, "widow of a son or the husband of a daughter," and that the words of our statute are, "wife or widow of the son or husband of the daughter."

The Attorney General points out that the court of appeals of Ohio in *Tax Com. of Ohio* v. *Hirsch,* 31 Ohio

App. 325, 167 N. E. 400, in construing the inheritance tax statute of that State did not adopt the construction of the New York courts of the words "husband of a daughter," but held that they did not include within their meaning the surviving husband of a deceased daughter. In its opinion in that case the Ohio court, after referring to the fact that the words of the Ohio statute were taken from a former statute of that State the provisions of which were derived from the New York act, said: "We are of the opinion that since our legislature was advised of the necessity of such judicial construction when it enacted its own Inheritance Tax law and still refused to include the words 'widower of a daughter' in the appropriate section, such omission was studied and not accidental or based upon loose legislation in incorporating foreign judicial construction in Ohio statutes." With this reasoning of the Ohio court we are not in accord. It seems logical and more in consonance with sound judicial reasoning to say that when the legislature in its latest act used the words of a former act taken from the New York statute which had been construed by the courts of that State, it used the words intending that they should be taken to include what the courts of New York had held them to include. And so it would seem that when the General Assembly in the act of 1909 used the words "husband of the daughter," rather than the words "husband of a living daughter," it intended that the words used should mean husband of a living daughter and husband of a deceased daughter.

It is true that, as generally defined, the word "husband" means a man having a wife, and does not include a widower or a man whose wife has died and who has not remarried, but it is also true that the word "husband" is often used as synonymous with "widower" or "surviving husband." It is so used in the very section of the act under consideration. The words of that section are, "when the beneficial interests to any property * * * shall pass to

\* \* \* any father, mother, lineal ancestor of decedent, *husband,* wife, child, brother or sister, wife or widow of the son or the husband of a daughter," and "any gift, legacy \* \* \* or interest passing to a father, mother, lineal ancestor of decedent, *husband,* wife, child, wife or widow of the son or the husband of the daughter." Where italicized the word "husband" clearly means surviving husband. It is used as synonymous with "widower" or "surviving husband" in section 19 of the Administration act and in the seventh sub-section of section 1 of the statute of Descent.

The Inheritance Tax act imposes a special tax, and in cases of doubt the language must be construed strictly against the government and in favor of the tax-payer. (*People* v. *Keshner,* 332 Ill. 608; *In re Estate of Ullmann,* 263 id. 528.) The Attorney General says that this rule of construction should not be applied in this case but that we should apply the rule that statutes granting exemptions from taxation should be construed strictly against the exemption, and cites *People* v. *Missionary Society,* 303 Ill. 418, in which we applied that rule in construing section 28 of the Inheritance Tax act, which gives exemption from the tax where the gift, devise or bequest is made to be used exclusively for religious, educational or charitable uses. The language in question in this case is not used only in a provision of the statute granting exemption from the tax but is also used in naming the persons in the class to which the lowest rates of taxation apply. The rule that the statute should be construed strictly in favor of the tax-payer is therefore applicable.

Our conclusion is that Noble E. Snyder was the husband of the daughter of the testator, within the meaning of the statute, at the death of the testator, and that the order of the county court so finding was not erroneous.

The judgment of the county court is affirmed.

*Judgment affirmed.*