333 Mich. 193 (1952)
52 N.W.2d 660
In re ATHERTON'S ESTATE.
HELLER
v.
DEPARTMENT OF REVENUE.
Docket No. 46, Calendar No. 45,338.
Supreme Court of Michigan.
Decided April 7, 1952.
Keip & Timms, for plaintiff.
Frank G. Millard, Attorney General, Edmund E. Shepherd, Solicitor General, and T. Carl Holbrook and William D. Dexter, Assistants Attorney General, for defendant.
NORTH, C.J.
The Michigan inheritance tax statute in part provides:
"Sec. 2. First. (a) Where the person or persons entitled to any beneficial interest in such property shall be the grandfather, grandmother, father, mother, husband, wife, child, brother, sister, wife or widow of a son, or the husband of a daughter * * * such transfer of property of the clear market value of 5,000 dollars shall be exempt from all taxation under this act; * * *
"Second. In case the clear market value of the property transferred to each individual of the persons included in the classes specified in paragraph 1 hereof exceeds the exemptions specified in paragraph *195 1, such exemptions shall first be deducted therefrom; when the clear market value of such property shall not exceed 50,000 dollars before deducting such exemptions the transfer of such property in excess of the exemptions herein provided and up to said 50,000 dollars shall be taxed under this act at the rate of 2 per centum of the clear market value thereof." CL 1948, § 205.202 (Stat Ann 1950 Rev § 7.562).
Plaintiff, Charles J. Heller, under facts about to be noted, asserts that incident to fixing the inheritance tax on a bequest to him in the will of Florence Atherton, deceased, he is entitled to the statutory exemption of $5,000 provided in section 2, subd First (a), and to the so-called preferential rate of 2% provided in section 2, subd Second, of the statute. The defendant, Department of Revenue of the State of Michigan, contends that plaintiff is not entitled to the $5,000 exemption or to the preferential rate. If plaintiff's contention is correct, the inheritance tax against the property he would take under the will of Florence Atherton would amount to $393.40, but otherwise it would be in excess of $2,500. The circuit court held with plaintiff. Defendant has appealed.
Decision herein turns upon whether plaintiff comes within the statutory designation of "husband of a daughter" of testatrix, who died in 1950; or whether, on the contrary, since he became a widower upon the death in 1946 of the daughter, Hazel E. Heller, his former wife, he must be held to be the "husband" of a deceased daughter of testatrix and not within the statutory designation of one who, upon fixing the inheritance tax, is entitled to the statutory $5,000 exemption and the preferential rate of 2%.
In determining what is the proper construction of the controverted portion of the statute, we must first look to the context of the statute itself. In doing so *196 a persuasive reason for holding in accord with plaintiff's contention at once appears. In designating what persons are entitled to the exemption and the preferential rate, the statute reads: "Husband, wife, (and in the next line) * * * or the husband of a daughter." Obviously as to an inheritance or bequest to a "husband" or "wife" the statutory provision would be entirely meaningless unless the word "husband" were construed to mean widower, and the word "wife" to mean or include widow. Hence, it seems almost inescapable that when in the next line of the statute the words "husband of a daughter" appear, "husband" as there used should be held to include or be synonymous with widower.
Further, originally the Michigan inheritance tax law[*] was copied in substance from the New York statute[] in which there was used in like context the identical words in controversy in the instant case; and prior to the enactment of the Michigan statute it was adjudicated in New York that the phrase "husband of a daughter" was intended to include a widower whose spouse had predeceased the testator.
"A legacy to the husband of a daughter of the testator is not subject to taxation under L 1885, c 483, although the daughter died before the testator." Matter of Woolsey (1887), 19 Abb NC 232 (6 Demarest's NY Reports 145).
In another New York case, which antedated the 1899 Michigan statute, in passing upon an 1892 New York statute pertaining to inheritance taxes, the holding was:
"Laws 1892, c 399, § 2, exempting from the transfer tax a legacy to the `husband of a daughter' of *197 testator, includes the husband of a deceased daughter, though he has remarried." In re Ray's Estate (NYS syllabus), 13 Misc 480 (35 NYS 481).
In the body of the Ray Case the court also said:
"The word `husband' or `surviving husband' has become so imbedded in our statutes and in all legal phraseology that it has the same force and meaning and the same legal effect as if he had been described as `widower.' If the legislature had intended not to use the word `husband' in the same sense as it has always been used by the laws of this State and by its courts, it would have made its meaning clear, definite, certain, by saying the `husband of a daughter, if she be living.' By omitting to restrict this exemption to a husband whose wife was living, it seems very clear that the word `husband' is here used in its general and accepted sense, which not only common usage but the statutes of this State make use of, and as the word is ordinarily used and understood in speaking of a surviving `husband.'"
It is true that the above-noted New York decisions were by surrogate courts, which are not courts of last resort. But no appeal to a reviewing court was taken and for years these decisions seem to have stood as the law of New York, without conflicting decisions so far as we have been able to ascertain, and without any modifying legislation prior to 1930. We are mindful that incident to amending numerous particulars of its inheritance tax statute in 1930, the New York legislature modified the phrase "husband of a daughter" to read as follows: "The husband or a widower of a daughter." But that circumstance affords no convincing reason for holding that the prior interpretation of the statutory words was not as intended by the enacting legislature. The amplification of the statutory words may as well have been for clarification as for modification. At least for many years the judicial interpretation seems to have *198 been accepted without legislative action to void such interpretation.
The court of last resort in each of the States about to be noted has held in accord with the New York decisions. While these courts make some comment concerning the provisions of the New York inheritance tax law and pertinent earlier decisions of New York courts, other reasons are also assigned in support of the conclusions reached.
"In the provision of section 1 of the inheritance tax act of 1909 fixing the rate of tax and the exemption as to near relatives, the term `husband of the daughter' includes the husband of a deceased daughter of the donor. (Syllabus.) * * *
"It is true that, as generally defined, the word `husband' means a man having a wife, and does not include a widower or a man whose wife has died and who has not remarried, but it is also true that the word `husband' is often used as synonymous with `widower' or `surviving husband.' It is so used in the very section of the act under consideration." People v. Snyder, 353 Ill 184 (187 NE 158; 88 ALR 1012).
The supreme court of New Jersey has interpreted in the same manner a like statutory provision. It held:
"The phrase `husband of a daughter,' in Pamph L 1909, p 326, § 1, exempting from inheritance taxation property passing to the husband of a daughter, includes within its meaning the surviving husband of a deceased daughter, even though he subsequently married." Clay v. Edwards, 84 NJL 221 (86 A 548).
In the annotation found in 88 ALR 1016, the writer states:
"The decision of the reported case (People v. Snyder (Ill), ante, 1012), that the low rates applicable to the `husband of the daughter' are intended for the *199 widower of a daughter, although the latter predeceased the testator, harmonizes with practically all of the direct authority on this point which has been found."
We are aware that a contrary holding will be found in Ohio and in Maine. See Tax Commission of Ohio v. Hirsch, 31 Ohio App 325 (167 NE 400), and Canal National Bank of Portland v. Bailey, 142 Me 314 (51 A2d 482). However it should be noted that the Ohio decision is not by a court of last resort; and as to the decision by the Maine court, there is some room for noting a distinction because that decision seems to have turned upon the fact that the widower for whom the bequest was made had remarried prior to the death of the testator, and had a wife still living at the time of the testator's death, and therefore was not the "widower" of the testator's daughter, within the statute prescribing rate of inheritance tax on property passing to a widower. Plaintiff in the instant case had not remarried. In any event, to the extent that the decisions just noted are inconsistent with our holding herein, we decline to follow them.
In this jurisdiction no court of last resort has passed squarely upon the controverted issue presented in the instant case. In briefs of the respective counsel 2 Michigan decisions are cited: In re Rhead's Estate, 288 Mich 220, and In re Gay's Estate, 310 Mich 226. Neither of these decisions is squarely in point or materially helpful in deciding the exact issue involved herein. But as an indirect sidelight, it may be noted that in the Rhead Case we quoted with approval the following:
"`The word widow indicates the person, not the state, and is used as synonymous with wife.' Georgia Railroad & Banking Co. v. Garr, 57 Ga 277 (24 Am Rep 492)."
*200 However, a reason for sustaining plaintiff's position in the instant case which may well be considered as more persuasive than any hereinbefore mentioned arises from the following circumstance. In numerous sections of the Michigan statutes of descent and distribution (CL 1948, § 702.80 et seq.; and CL 1948, § 702.93 et seq.) the word "husband" is used in context where it must include widower, or be synonymous with widower, otherwise the statutes become wholly meaningless and void.[**] We have not found in this jurisdiction a case wherein such an incongruous construction as an opposite holding would necessitate has been urged as to any of our statutes governing the descent or distribution of property, and wherein "husband" is designated but obviously meaning widower. In the Michigan statutes of descent and distribution the word widower is rarely, if ever, used. Like comment might be made of the statutory use of the word "wife" when from the context widow is clearly intended. We conclude that as used in the context of the statute involved in the instant case the phrase, "or the husband of a daughter" includes plaintiff, who is the widower of a deceased daughter of the testatrix.
The judgment entered in the circuit court is affirmed, with costs to appellee.
DETHMERS, BUTZEL, CARR, BUSHNELL, and REID, JJ., concurred with NORTH, C.J.
BOYLES, J. (dissenting).
I am not in accord with Chief Justice NORTH's conclusion that Heller, a widower who has survived his former wife Hazel, a deceased *201 daughter of the testatrix, is entitled to the exemption and preferential rate allowed by our inheritance tax statute to the husband of a daughter of the testatrix.
The Chief Justice relies on decisions in New York, Illinois and New Jersey. It may be conceded that the surrogate's court in New York,[1] and the supreme courts of Illinois[2] and New Jersey[3] have held that "husband of a daughter" in their inheritance tax statutes also meant "widower" of a daughter. But it is important to note that each of said States[4] has amended its statute law and now has in its statute a provision expressly exempting "the husband or widower of a daughter." Our statute law does not so provide, and if this is to be put into the law of this State it should be done by legislation, not by judicial fiat. We might with more propriety follow the general rule set forth in 51 Am Jur, p 527, § 524, with several pages of supporting citations construing various statutes granting exemptions from taxation under many different circumstances:
"An exemption from taxation must be clearly defined and founded upon plain language, without doubt or ambiguity. Whenever doubt arises it is to be resolved against the exemption."
Briefly, the circumstances of this case are as follows: Florence Atherton, the testatrix, died April 25, 1950. The inheritance taxes upon transfers from her estate accrued and became due and payable as of that date.
*202 "All taxes imposed by this act shall accrue and be due and payable at the time of transfer, which is the date of death." CL 1948, § 205.203 (Stat Ann 1950 Rev § 7.564).
Charles J. Heller, the appellant herein, became the executor under her will, and the residuary legatee. On the above date, April 25, 1950, he was a single man, a widower, having survived the death in 1946 of Hazel E. Heller, a daughter of the testatrix. On April 25, 1950, Heller obviously was not then "the husband of a daughter," and hence entitled to the exemption allowed by CL 1948, § 205.202 (Stat Ann 1950 Rev § 7.562), unless we add, the husband or widower of a daughter. Said statute provides:
"Where the person or persons entitled to any beneficial interest in such property shall be the * * * wife or widow of a son, or the husband of a daughter, * * * such transfer of property of the clear market value of $5,000 shall be exempt from all taxation under this act."
"It is a cardinal rule that exemption statutes  unlike homestead statutes  should receive a strict construction. Cooley on Taxation (2d ed), p 205. Statutes providing for exemption from taxation must be understood as exempting only as therein specified.
"A grant of exemption is never presumed; on the contrary, in all cases of doubt as to the legislative intention, or as to the inclusion of particular property within the terms of the statute, the presumption is in favor of the taxing power, and the burden is on the claimant to establish clearly his right to exemption." St. Joseph's Church v. City of Detroit, 189 Mich 408.
"Statutes and provisions exempting persons or property from taxation are strictly construed." McConnell v. Township of Lake, 191 Mich 544; Remus v. City of Grand Rapids, 274 Mich 577.
"Exemptions from taxation are not favored." Doane v. Pere Marquette R. Co., 247 Mich 542.
*203 The exemption statute involved in this case was considered by us in Re Gay's Estate, 310 Mich 226. In that case the appellants claimed that Elizabeth and William Bottje, the children of one Ann Pratt Bottje who "stood in the mutually-acknowledged relation" of parent and child with Netta Cole Gay, the testatrix, were entitled to the exemption, on the theory that the testatrix was their grandparent. The Court in denying the claim said:
"Appellants claim that the Bottje children are persons to whom Netta Cole Gay stood in the mutually-acknowledged relation of a grandparent, and for that reason are entitled to the preferential classification afforded those to whom a decedent stands in the mutually-acknowledged relation of a parent. In that respect the language of the act is clear and unambiguous. Had the legislature intended to include grandparent in the exemption the act would read `mutually-acknowledged relation of a parent or grandparent.' If the act is to be construed as urged by appellants the change must come by legislation, not by judicial fiat. Plain, unambiguous language in a statute leaves no room for judicial construction and must be given effect according to the plain meaning of the words. Smith v. City Commission of Grand Rapids, 281 Mich 235."
"As a general rule an exemption from taxation is subject to a somewhat strict construction. It may not rest in inference or implication. It must be granted in clear and specific terms." Detroit Edison Co. v. Department of Revenue, 320 Mich 506.
See, also, Charles E. Austin, Inc., v. Secretary of State, 321 Mich 426.
Ohio and Maine[*] do not follow the result reached in New York, which the Chief Justice supports. I do not agree that we should follow the decisions of *204 the New York courts or the subsequent change in its statute law to the extent of enlarging the exemption in the statute law of this State.
"The mere fact that the Michigan inheritance tax law was adopted from the statute law of New York does not necessarily require that decision in this Court be controlled by the prior construction placed upon the statute law of New York by its courts. However, such decisions are of importance and must be given weight in construing the statute law in this State." In re Rackham's Estate, 329 Mich 493.
The order of the court below should be reversed and the cause remanded by it to the probate court for determination of the inheritance tax upon the transfer from the estate of the testatrix to the appellant without the exemption or preferential rate treatment accorded by our statute to the husband of a daughter of the testatrix. No costs, a public question as to the construction of a statute being involved.
SHARPE, J., concurred with BOYLES, J.
NOTES
[*] PA 1899, No 188, § 2. See, also, PA 1893, No 205, § 2. This latter act was held unconstitutional in Chambe v. Judge of Probate, 100 Mich 112.
[] NYL 1887, ch 713, § 1. See, also, prior statute, NYL 1885, ch 483, § 1.
[**] "If the intestate shall leave a husband or widow and no issue, 1/2 of the estate of such intestate shall descend to such husband." CL 1948, § 702.80, subd Second (Stat Ann 1943 Rev § 27.3178[150]). See, also, CL 1948, §§ 702.51; 702.52; 702.82; 702.93, par 5 (Stat Ann 1943 Rev §§ 27.3178 [121], 27.3178 [122], 27.3178 [152], 27.3178 [163]).
[1] In re Ray's Estate, 13 Misc 480 (35 NYS 481).
[2] People v. Snyder, 353 Ill 184 (187 NE 158, 88 ALR 1012).
[3] Clay v. Edwards, 84 NJL 221 (86 A 548).
[4] See 59 McKinney's Consol Laws NY 1951 Cum Pocket Part, § 249q, subd b; 120 Smith-Hurd Illinois Statutes, § 375; 54 NJSA, § 34-2, subd c. For the same provision included by statute in other States, see California Revenue & Taxation Code, pt 8, div 2, § 13308, enacted by laws of 1943, ch 658, as amended September 19, 1947 (Laws 1947, ch 734. § 1); Colorado States Ann (1935), ch 85, art 3, § 14; Delaware Rev Code (1935), art 10, ch 6, § 102.
[*] Tax Commission of Ohio v. Hirsch, 31 Ohio App 325 (167 NE 400); Canal National Bank of Portland v. Bailey, 142 Me 314 (51 A2d 482).