Colin H. Dennis, executor, *vs.* Commissioner of Corporations and Taxation.

Middlesex. March 9, 1960. — April 1, 1960.

Present: Wilkins, C.J., Spalding, Williams, Whittemore, & Cutter, JJ.

*Taxation*, Succession tax. *Statute*, Construction. *Words*, "Husband of a daughter," "Widower."

A gift in a will to one who had been the lawful husband of a daughter of the testatrix when the daughter predeceased the testatrix and who remained unmarried until the testatrix's death was taxable under the succession tax as a gift to a "husband of a daughter" within Class B in the table in G. L. c. 65, § 1, not as a gift to a beneficiary within Class D, "All others." [630–631]

The words used in describing the various classes of beneficiaries for the purposes of the succession tax in the table in G. L. c. 65, § 1, are to be strictly construed against the Commonwealth and all doubts resolved in favor of the taxpayer. [631]

Petition filed in the Probate Court for the county of Middlesex on June 6, 1958.

The case was heard by *Monahan, J.*

*John S. McKenney,* for the taxpayer.

*Roy F. Teixeira,* Assistant Attorney General, (*Pasquale J. Piscitelli* with him,) for the Commissioner of Corporations and Taxation.

Wilkins, C.J. The petitioner, on July 13, 1956, was appointed executor of the will of Lucy E. Weir, late of Malden, who died on June 1, 1956. The purpose of this petition, brought pursuant to G. L. c. 65, § 27, as amended, is to obtain an abatement of part of the State inheritance tax determined and certified by the respondent and paid on the interest passing to the petitioner as residuary devisee and legatee.

The question is whether the petitioner, as the surviving husband of the testatrix's daughter, is a beneficiary under

Class B, or Class D, of G. L. c. 65, § 1, as amended. The testatrix, by her will, executed December 9, 1942, gave the residue to the petitioner, who was her son-in-law. He was so described in the will, and had married her daughter, Alma, on August 16, 1935. On November 15, 1942, Alma died the lawful wife of the petitioner, who continued a widower until the death of the testatrix. The value of the residue was $15,432.64. The respondent determined the tax to be $1,276.62 as upon an interest of a Class D beneficiary. If the interest is that of a Class B beneficiary, the tax should have been $448.49. The judge sustained the tax as determined by the respondent, and dismissed the petition. The petitioner appealed.

Among the beneficiaries in Class B are "wife or widow of a son; husband of a daughter." The rate of taxation is two per cent on the value not exceeding $10,000, and three per cent on the excess above $10,000, not over $25,000. In Class D the respective rates are six per cent and eight per cent. G. L. c. 65, § 1, as amended.

This is a case of first impression in this Commonwealth. Our first inheritance tax statute, which is a predecessor of G. L. c. 65, § 1, was enacted as St. 1891, c. 425, "An Act imposing a tax on collateral legacies and successions," and followed relatively soon after the enactment of N. Y. Gen. Sts. 1885, c. 483, "An Act to tax gifts, legacies and collateral inheritances in certain cases." The New York statute exempted property passing to "the wife or widow of a son, or the husband of a daughter" (§ 1); to "wife or widow of a son, or husband of a daughter" (§ 9). In *Matter of Woolsey,* 19 Abb. N. C. (N. Y.) 232, *S. C.* sub nom. *Matter of McGarvey,* 6 Dem. Sur. 145 (1887), the surrogate of King's County held that a legacy to the husband of a daughter of the testator who had predeceased the testator was not taxable under c. 483. In *Matter of Ray,* 13 Misc. (N. Y.) 480 (1895), the surrogate of Madison County reached the same conclusion under the Transfer Tax Act of 1892 (even though the husband of the deceased daughter had remarried before the death of the testator).

A similar result was reached in other States which had borrowed the words "husband of a daughter" from the New York act. *Clay* v. *Edwards*, 84 N. J. L. 221 (1913) (husband remarried after death of testatrix). *People* v. *Snyder*, 353 Ill. 184 (1933). *In re Atherton's Estate*, 333 Mich. 193 (1952). The *Snyder* case (pages 187–188) and the *Atherton* case (page 199) disapproved an earlier somewhat contrary decision in an intermediate Ohio court. See *Tax Commn.* v. *Hirsch*, 31 Ohio App. 325 (1929). In *Canal Natl. Bank* v. *Inheritance Tax Commr.* 142 Maine, 314 (1947), it was held that a widower of a testator's daughter lost that status by remarriage before the testator's death and should not be allowed the benefit of an inheritance tax classification in a statute reading "wife or widow of a son or husband or widower of a daughter of a decedent." In *Calvert* v. *Fisher*, 259 S. W. 2d. 944 (Tex. Civ. App.) (1953), it was held that such a marriage destroyed a status as "the husband of a daughter" of the testatrix, but the court went on to say (page 945): "In the absence of his remarriage before the death of the testatrix and in the absence of his being divorced from his wife at the time of her death, appellee's status as the husband of a deceased daughter would be established by the decisions of this Court: *Lewis* v. *O'Hair*, Tex. Civ. App., 130 S. W. 2d 379, and *Johnson* v. *Davis*, Tex. Civ. App., 198 S. W. 2d 129." See, to the same effect, *Cahn* v. *Calvert*, 321 S. W. 2d 869 (Tex. S. C.) (1959). A conclusion contrary to the one we reach is to be found in a recent case in the Supreme Court of Nebraska. *In re Thompson's Estate*, 169 Neb. 311 (1959).

We think that the legislative history and the earlier New York statute weigh the balance in favor of the taxpayer. This is not an exemption, as the respondent argues in one part of his brief. It is the imposition of a tax. Taxing statutes are to be construed strictly against the taxing authority, and all doubts resolved in favor of the taxpayer. *Bolster* v. *Commissioner of Corps. & Taxn.* 319 Mass. 81, 85. *Gordon* v. *State Tax Commn.* 335 Mass. 431, 435, 437. *Curtis* v. *Commissioner of Corps. & Taxn. ante*, 169, 173.

We are aware that the New York cases are not by a court

of last resort. But that fact does not deprive them of persuasive value, particularly where no reversal of the surrogates' decisions was sought from a higher tribunal. See *Miller* v. *Stern,* 326 Mass. 296, 301–303. Nor do we perceive cogency in the argument that New York, Illinois, and New Jersey, subsequently to the decisions cited, have amended their statutes so as to read "husband or widower of a daughter." See dissenting opinion in *In re Atherton's Estate,* 333 Mich. 193, 201. In the light of their previous holdings these changes must have been in the interest of clarification. These changes likewise are indications that there had been no legislative policy to treat widows and widowers other than equally. In fact, no sound reason has been advanced to us why our Legislature ever could have intended to draw such a distinction.

In our opinion the nub of the case is that the word "widower" never carried the same idea as the word "widow," as the technical way to describe a surviving spouse. One looks in vain in the indices of our statutory revisions for the word "widower." See G. L. (Ter. Ed.) c. 190, § 3 (7). Ordinary dictionary definitions are not decisive as to what the word "husband" was intended to mean in the statute. Nor, in the circumstances, does it impress us as a factor of consequence that the bill as originally filed which became St. 1891, c. 425, carried the words "or widower" following the word "husband." There is nothing to indicate the reason or the circumstances of their omission.

Other arguments of the respondent not sustained by the record we do not discuss.

The decree dismissing the petition is reversed. A new decree is to be entered granting an abatement in the sum of $828.13 with costs.

*So ordered.*