FINLEY H. PERRY, executor, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION. February 25, 1977. The executor asserts error in the judgment of a Probate Court upholding the Commissioner's allowance of only the standard deduction for inheritance tax purposes where the executor had claimed credit for itemized deductions but had not elected to take them in accordance with the provisions of the statute, G. L. c. 65, § 27, as amended by St. 1969, c. 560. The Commissioner's brief relies heavily on official announcements and manuals published by him and the State Tax Commission in 1969 and 1970 (Announcement, September 3, 1969, and Announcement, October 22, 1969, Inheritance and Estate Taxes Procedural Manual, § 23 [1970], reprinted in Appendix to Barrett and Bailey, Taxation, at 462-469, 493-495 [2d ed. 1970]), to support his argument that the election requirement for itemized deductions under § 27 applies to estates whose probate value is less than $100,000 rather than only to those whose gross value is less than $100,000. As the Commissioner correctly observed, courts ordinarily give weight to the interpretation of statutes by agencies charged with enforcing them. *School Comm. of Springfield* v. *Board of Educ.* 362 Mass. 417, 441, n.22 (1972). *Devlin* v. *Commissioner of Correction,* 364 Mass. 435, 439 (1973). *Board of Educ.* v. *Assessor of*

---

*Worcester,* 368 Mass. 511, 516-517 (1975). However, § 8 of the 1970 manual (see Barrett and Bailey, *supra,* at 482), which the Commissioner did not cite in his brief, specifically states that the election requirement applies to "estates of a gross amount of $100,000 or less," which is the view advanced to us by the executor. Because of the inconsistency in the Commissioner's published position in 1970 and the position now taken by him, his present view is not to be accorded the weight normally given to the administrative interpretation of the enforcing agency. See *Cleary* v. *Cardullo's, Inc.* 347 Mass. 337, 343-344 (1964); *School Comm. of Springfield, supra; Board of Educ.* v. *Assessor of Worcester, supra.* Where, as here, we find the remaining arguments of both parties, which seek to dispel the ambiguities of the statute, to be inconclusive, we apply the principle that ambiguities in tax statutes are to be resolved in favor of the taxpayer. *Dennis* v. *Commissioner of Corps. & Taxn.* 340 Mass. 629, 631 (1960). *Boston Safe Deposit & Trust Co.* v. *State Tax Commn.* 346 Mass. 100, 105 (1963). See Sands, Sutherland Statutory Construction, § 66.01, at 179 (4th ed. 1974). The judgment is reversed and a new judgment is to be entered for the executor.

*So ordered.*

*David W. Lewis, Jr.,* for the taxpayer.
*Andrew J. McElaney, Jr.,* Assistant Attorney General, for the Commissioner of Corporations and Taxation.

