COMMISSIONER OF REVENUE *vs.* FRANK S. DESTITO & another[1]. February 20, 1987. *Taxation*, Income tax, Nonresident. *Statute*, Construction.

The Commissioner of Revenue appeals from a decision of the Appellate Tax Board (board), promulgated June 9, 1986, holding that Destito, a resident of New Hampshire, was not liable for a 1981 income tax imposed by Massachusetts on certain sick leave and annual leave separation payments made to him in that year by the Federal government. The board found that the Destitos had "lived in New Hampshire since 1964 and during this time . . . Destito was employed by the U.S. Government with a duty station" in Bedford, Massachusetts. He worked for the Air Force and later for the Federal Aviation Administration "until he became ill on June 14, 1980. He did not work after that time and was put on extended sick leave until he retired on September 20, 1981." He received $42,674 in 1981 in compensation, of which $11,210 "represented payment for unused annual leave and the remainder was for sick pay accumulated over thirty-four years of [F]ederal service."

The board also found that Destito's employment after 1964 took him all over the world for work involving absences from his duty station of as much as six months a year. During such years he filed Massachusetts nonresident income tax returns in which he apportioned his earnings according to the time worked within and without Massachusetts, excluding as nonworking days all Sundays, Saturdays, holidays, sick leave days, annual leave days, and other days on which he was not required to perform service at his regular place of work or at another place. See 830 Code Mass. Regs. § 2.00 (1979).

The board correctly upheld Destito's contention that, because the board found Destito was not required to perform any work whatsoever in Massachusetts in 1981 (and performed no work there), he was not liable to tax under G. L. c. 62, § 5A, which (as amended by St. 1973, c. 723, § 2, and by St. 1978, c. 514, § 95, and as in force in 1981) read (emphasis supplied) in part: "The Massachusetts gross income [of a non-resident] shall be determined solely with respect to items of gross income from sources within the commonwealth of such person . . . . Items of gross income from sources within the commonwealth are items of gross income derived from or effectively connected with any trade or business, including *employment carried on by the taxpayer in the commonwealth* or derived from the *ownership of any interest in real* or tangible personal *property* located *in the commonwealth*." The Commissioner contends in effect that "Destito was 'employed' in Massachusetts in 1981 even though he may not have performed any work" there in that year and that his annual leave and sick leave benefits received in 1981 were "effectively connected" with his Federal employment in Massachusetts as a duty station.

The general structure of the Massachusetts income tax, G. L. cc. 62 and 62C, § 6(*a*), contemplates treating each taxable year on a separate basis

---

[1] Judith A. Destito, his wife.

for realization and returns of income. Although c. 62, § 5A, does not contain an express provision that the gross income of a nonresident taxpayer must be received within a particular taxable year, we think that this is to be implied from the provisions and arrangement of the statutes. Section 5A does not expressly tax a nonresident's income from employment if in the taxable year of its receipt the nonresident has not worked in Massachusetts. If there is ambiguity in a taxing statute, it must be resolved strictly against the taxing authority and all doubts are to be determined in favor of the taxpayer. *Bolster* v. *Commissioner of Corps. & Taxn.*, 319 Mass. 81, 85 (1946). *Dennis* v. *Commissioner of Corps. & Taxn.*, 340 Mass. 629, 631 (1960). *Xtra, Inc.* v. *Commissioner of Revenue*, 380 Mass. 277, 281 (1980). "The 'right to tax must be found within the letter of the law; it is not to be extended by implication.'" *Curtis* v. *Commissioner of Corps. & Taxn.*, 340 Mass. 169, 173 (1959).

Although counsel for the Commissioner has waived certain arguments contained in his brief in part based on *Horst* v. *Commissioner of Revenue*, 389 Mass. 177, 180-183 (1983), we think it proper to discuss that case briefly. In that case a Florida resident was held taxable in Massachusetts upon interest received by him in a taxable year on deferred installment notes given in a prior year in part payment on the sale at a gain in that prior year (with some payments deferred) of Massachusetts real estate. The taxpayer conceded that the gain was taxable. The interest on later installments the Supreme Judicial Court treated (at 181-182) as taxable in Massachusetts to the nonresident taxpayer. The court took this position (at 178, 179, and 181) because of (a) the taxpayer's written agreement with the Commissioner and the taxpayer's deposit with the department of a letter of credit to secure payment of the Massachusetts tax with respect to later installments of the purchase price, and (b) the express provisions of G. L. c. 62, § 63(d), particularly as appearing in St. 1973, c. 723, § 11. The opinion expressed the view that these statutes made it apparent that, within the meaning of § 5A, the interest received by Horst was because of his ownership in and sale of Massachusetts real property.

The Commissioner does not claim that Destito in 1981 had any interest in property in Massachusetts. The payments to him in 1981 were made because of the terms of Destito's statutory and contractual arrangement with his Federal employer. Indeed, Destito received those payments because, in earlier years when he worked at least part of the time in Massachusetts, he had *not* used vacation time (annual leave) or sick time to reduce the days actually spent by him at work in Massachusetts as compared with his total working days in each such year. If he had used the annual leave in earlier years, he (without loss of pay) could have been in New Hampshire or some other place and not in Massachusetts and not working.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*

The case was submitted on briefs.

*Francis X. Bellotti*, Attorney General, *& Stephen S. Ostrach*, Assistant Attorney General, for the Commissioner of Revenue.

*Frank S. Destito*, pro se.