## The Commonwealth *versus* Powell, Executrix.

1. In the legal as well as the popular acceptation, a "widow" is a woman in an unmarried condition.

2. A testatrix bequeathed the residue of her estate to her "daughter-in-law," who was the widow of her son; the widow married again in the life-time of the testatrix, and was still married at the death of the testatrix. *Held,* that she was not then the widow of the son, and that the bequest was subject to collateral inheritance tax.

ERROR to the Court of Common Pleas of *Delaware county*.

This was an amicable action of debt, between the Commonwealth and Elizabeth P. Powell, executrix, &c., of Eliza L. Jordan, deceased, in which the following case was stated :—

"Eliza L. Jordan, the testatrix, died in February 1863, having

[Commonwealth v. Powell.]

first made and published her last will and testament (see extracts below). The clear value of her estate passing to her devisee, Elizabeth P. Powell, aforesaid, was $14,133.80. The said devisee, Elizabeth P. Powell, was formerly the wife of decedent's son, William Lincoln, who died some years before the death of the decedent; and the said Elizabeth P. Powell, during the lifetime of the testatrix, again intermarried with Elwood Powell, her present husband. The collateral tax on the said estate has not been paid.

"If the court should be of opinion that collateral tax is collectable from the said devisee Elizabeth P. Powell, then judgment shall be entered in favour of the Commonwealth and against the defendant in this suit, for the sum of $706.69 and costs; but if the court should be of opinion that such tax is not collectable under the laws of this Commonwealth relating to collateral inheritances, then judgment shall be entered herein in favour of the defendant with costs."

The estate passed to Elizabeth P. Powell by these clauses in the will and codicil: viz. " All the said residue and trust estate, excepting the five hundred dollars thereof, hereinbefore given and bequeathed to Jacob K. Simpers, and excepting the said income, rents, issues and profits, I give, devise and bequeath to my daughter-in-law Elizabeth P. Lincoln, her heirs and assigns for ever; to come into her possession and enjoyment immediately upon the death of my said husband."

*Codicil.*—" My husband in said will named being now deceased, I hereby give and bequeath all the part of my estate given to him therein to my daughter-in-law therein named, now Elizabeth P. Powell, and I hereby nominate and appoint her my sole executrix."

" Item. I hereby confirm the said will, except so far as the same is hereby altered; and acknowledge the same and this codicil to be my last will and testament and codicil thereto."

The court below (Butler, P. J.) entered judgment for the defendant, which was assigned for error.

*B. F. Etter* and *Meredith*, Attorney-General, for plaintiff in error.—The question is whether Elizabeth P. Powell, the legatee, is the widow of the son of the testatrix, within the meaning of the Act of April 10th 1849, Pamph. L. 571, which exempts the wife · or widow of a son of a person dying seised or possessed, from liability to collateral inheritance tax.

A woman cannot be a wife and widow at the same time, or else upon the death of the second husband she would be a wife and widow of two different persons at once. A widow is " a woman whose husband is dead and still remains unmarried:" Worcester. " A woman who has lost her husband by death and has not taken another:" Webster. " An unmarried woman whose husband is

[Commonwealth *v.* Powell.]

dead :" Bouvier's Law Dict.  See also Rodgers *v.* Rodgers, 7 Watts 19 ; Shaeffer's Appeal, 8 Barr 40 ; Dale *v.* Dale, 1 Harris 446 ; Fahs *v.* Fahs, 6 Watts 213 ; Bennett *v.* Robinson, 10 Id. 349 ; Irvine *v.* Sibbetts, 2 Casey 477 ; Taylor *v.* Birmingham, 5 Id. 306 ; Stahl's Appeal, 2 Barr 301 ; Commonwealth *v.* Stauffer, 10 Id. 350 ; McCullough's Appeal, 2 Jones 197 ; Richards *v.* Baker, 2 Atk. 321.  Thus it has ever been determined that a woman ceases to be a widow when she marries again.

*W. Ward*, for defendant in error.—A widow is " a woman who has lost her husband by death :" Webster, 1848.  " Whose husband is dead :" Walker ; Wharton, 1860 ; Johnson, 1806 ; Johnson & Walker, 1857.  " A wife whose husband is deceased :" Richardson, 1839.

An implied definition is given by Acts April 8th 1833, § 1, Purd. 562 ; March 14th 1851, § 5, Pamph. L. 613 ; in both these acts provision is made for the widow of a decedent, and by Act of March 29th 1832, § 35, Pamph. L. 201, the widow must elect to take under a will or the intestate laws.  It has never been suggested that the marriage of the widow curtailed these provisions.

In the cases cited for the Commonwealth the testator defined what he meant by widow.

The opinion of the court was delivered, February 5th 1866, by

THOMPSON, J.—The 11th section of the Act of 10th April 1849, Purd. 1861, p. 149, exempts from the operation of the collateral inheritance tax laws, property " passing by will to, or in trust for, the wife or widow of a son of any person dying seised or possessed thereof."  When the property of Eliza L. Jordan passed by her will to Elizabeth P. Powell, the defendant, she was not the wife of the testator's son, for he was dead, nor his widow, for she was again married.  Is she within the exemption ?  We think not.  In common parlance, we know the term " widow" means an unmarried woman, and unless it be shown, which has not been attempted, that there is a technical sense to which it is to be referred for exposition, this is the sense in which we must regard it as used by the legislature.  Our law dictionaries agree in their definitions of the usual acceptation of the meaning of the word " widow :" a woman whose husband is dead : Whart.  " Widow," an unmarried woman whose husband is dead : Bouvier.  Worcester defines the word thus, " a woman whose husband is dead and who remains unmarried ;" and Webster, in the unabridged edition of 1844, " a woman who has lost her husband by death and has not taken another—one long bereaved of a husband."  The word is so entirely and exclusively descriptive of an unmarried condition, having once been married, that any other sense would be figurative.

[Commonwealth v. Powell.]

In the United States pension laws, when the widow of a soldier is entitled to a pension, she must be unmarried to entitle her to it. It is true an intermediate marriage, if the second husband be dead, will not in general prevent her claiming as the widow of the first husband. But this is a statutory qualification of the rule.

By the intestate laws of the state, the interest of a widow is fixed the moment she becomes a widow, and is not divested by a subsequent marriage. So also is her right of election to take under the will of her husband or the intestate laws, although she may not elect until after the expiration of a year and until after marriage. And for the same reason too, I presume, it is that the right to retain $300 out of the estate of her husband exists, although before doing so a second marriage may have taken place. Whenever a right by law has attached by reason of widowhood, there must be some law by which it is divested or it will remain; and this is a sufficient answer to the argument that by the laws referred to, a woman, though a second time married, has her rights awarded to her as widow still. In the case before us, if the property out of which the collateral inheritance tax is claimed, had passed to the defendant by the will of her mother-in-law while widow of her son, and she had married before the settlement of the estate, it could not be pretended that this would divest her of her right of exemption under the act. But it did not so pass. The testator did not die until after the second marriage of the devisee, and the property does not vest in and pass to her until the testator's death. At that time she was not within the class of exempts, and not entitled to take the property clear of the tax. To assert successfully a privilege or exemption against a general law, the party must bring him or herself clearly within the class exempted; that has not been done in this case, and we must reverse this judgment and enter judgment for the Commonwealth for the amount of the collateral inheritance tax as found in the case stated.

And now, to wit, February 5th 1866, the judgment entered in this case in the Court of Common Pleas of Delaware county in favour of defendant, with costs, is reversed, and judgment is now entered in favour of the Commonwealth against Elizabeth P. Powell on the case stated, for the sum of $706.69, with costs.