INHABITANTS OF THE TOWN OF SOLON *vs.* MARTHA HOLWAY.

Somerset.      Opinion November 14, 1931.

*Butler and Butler,* for plaintiff.
*Harris D. Eaton,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

THAXTER, J.   This case is an action of debt to recover a tax assessed for the year 1930 in the amount of ninety-two dollars and

ninety-three cents, and is reported to this court on an agreed statement of fact. From this it appears that the defendant, who was more than sixty-two years of age on April 1, 1930, married September 12, 1878, Emerson Googins Joy, a veteran who served in the army or the navy of the United States during the Civil War. He died in 1880 and in 1885 she married Isaac Holway who died in 1924. Under the provisions of Chap. 290, P. L. 1929, there is an exemption from taxation of "the estates to the value of five thousand dollars of all soldiers, sailors and marines, or the widows of soldiers, sailors or marines who served in the war of eighteen hundred sixty-one and five." The defendant claims that under such provision of the statutes she is exempt from taxation, since the value of the real estate assessed to her did not exceed five thousand dollars.

The claim of the plaintiff is that, when the defendant married again, she ceased to be the widow of a Civil War veteran, and that therefore the statute in question was not applicable to her even after the death of her second husband. With such contention we agree.

The question is as to the meaning of the word "widow" as used in the statute. It is to be construed according to its common meaning. R. S. 1916, Chap. 1, Sec. 6, Par. 1. So interpreted, a widow is a woman whose husband is dead and who has not remarried. Webster's New International Dictionary; *Commonwealth* v. *Powell*, 51 Pa., 438; *Inslee* v. *Rochester*, 213 N. Y. S., 6; *Debrot* v. *Marion County*, 164 Ia., 208, 214. On the death of her second husband the defendant became his widow, and did not revert to her former status as the widow of Emerson Joy.

Cases which might at first glance seem opposed to this principle are distinguishable. In some instances the legislative intent has been to make the statute applicable to a person regardless of her remarriage; and, in others, the term "widow" has been used to designate the person, who would on the death of her husband acquire a vested interest as in the case of a homestead exemption, *Brady* v. *Banta*, 46 Kan., 131; *Davis* v. *Neal*, 100 Ark., 399, or a vested right such as may be given in the Compensation Acts. *Hansen* v. *The Brann & Stewart Co.*, 90 N. J. L., 444.

Obviously the Pension Acts of the United States have no bearing on the construction of this, a purely local statute.

*Judgment for the plaintiff for ninety-two dollars and ninety-three cents.*