## WATERS, In re.

Probate Court, Hamilton County.

No. 181931.   Decided October 18, 1951.

George F. Eyrich, Jr., Cincinnati, for The Western Bank and Trust Company, Executor of the Estate of Myrtle Ione Waters, Deceased.

C. William O'Neill, Atty. Genl., Columbus, for the Department of Taxation of Ohio.

## OPINION

By DAVIES, J.

This matter comes before the court upon the exceptions of The Western Bank and Trust Company, executor of the estate of Myrtle Ione Waters, deceased, to a former order of this court taxing the succession of an $18,974.50 bequest to Elizabeth B. Dent at the rate of seven per cent without a $500.00 (rather than at the rate of five per cent with a $500.00) exemption.

The testatrix died on March 24, 1951. Her son, Barret Waters, predeceased her, and his "widow," the said Elizabeth B. Dent (formerly Elizabeth B. Waters), subsequently and before the death of the testatrix remarried. Elizabeth's husband also was alive when the testatrix died.

Under these circumstances, the court is asked to determine if, on March 24, 1951, Elizabeth B. (Waters) Dent was the "widow" of Barret Waters.

Sec. 5334 GC, Sub-Section 3, provides that in levying an inheritance tax upon a succession of property passing to or for the use of "a wife or widow of a son" or the "husband of a daughter" of the decedent, the exemption shall be five hundred dollars, and (under the provisions of §5335 GC) the rate shall be five per centum on such portion of the value of the property transferred up to and including the twenty-five thousand dollars as shall be in excess of the five hundred dollar exemption.

If, under the provisions of Sub-Section 3 of §5335 GC, Elizabeth B. Dent was not the "widow" of Barret Waters on March 24, 1951, she is not entitled to any exemption and the succession to her would be taxed at the rate of seven per centum.

The question whether or not the Legislature of Ohio intended for inheritance tax purposes that a widow of a son would lose her status of "widow" upon remarriage is not clear in the statutes, and there has been no direct court holding upon the question in Ohio. Outside of Ohio, diversified opinions have been rendered under facts similar to those in the case before us for consideration.

The general definition of the word "widow" is a woman who has lost her husband by death and has not married again. Webster's New International Dictionary, Bouvier's Law Dictionary. However, courts in determining legislative intent in using the word "widow" have ascribed a modified and less restrictive meaning to the term "widow."

As stated, some cases hold that upon remarriage a "widow" ceases to be a "widow." Thus, in Com. v. Powell, 51 Pa. 438, a collateral inheritance tax exemption in favor of "the wife or widow of a son" was held not to inure to the benefit of such a widow who married before the testatrix died. The court reasoned that, under these circumstances, the claimant could not be the wife of the testator's son because he was dead, nor could she be his widow, for she was again married, and declared that the word "widow" was exclusively descriptive of an unmarried condition.

It has been argued by counsel for the Tax Commission that the case of **Tax Commission of Ohio v. Hirsch, 31 Oh Ap, 325,**

and Attorney General's Opinion 3113, O. A. Vol. 1, 1922, p. 398, supports the Commission's view that, in the instant case, Elizabeth B. Dent is not entitled to the five hundred dollars exemption and that the bequest to her should be taxed at the rate of seven per centum.

We do not agree with this contention.

In the Hirsch case, the court considered what rate of taxation should be fixed upon a succession to a son-in-law of the testator who survived the testator's daughter.

It was claimed by the exceptor in this case that a son-in-law comes within the descriptive words of **paragraph 3** of §5334 GC, "the husband of a daughter of the decedent," and by reference takes the five hundred dollar exemption and the rate provided for in **paragraph 2** of §5335 GC.

The Tax Commission, however, claimed that, as the son-in-law, he would take as "widower" and would not be a husband of a daughter, but, on the contrary, would be the widower of the daughter and would be taxed under the provisions of **Sub-Section 3** of §5335 GC.

The court held that, when in **sub-paragraph 3** of §5334 GC, a certain exemption was provided for "the wife or widow of a son" and "the husband of a daughter," the Legislature did not intend, under the phrase "the husband of a daughter," to include the "widower of a daughter" and give the "widower of a daughter" the exemption provided under **sub-paragraph 2** of §5335 GC, for a "widow of a son," and the court fixed the tax to the "widower of a daughter" at a beginning rate of seven per centum without exemption, as provided in **Sub-Section 3** of said §5335 GC.

The cited Attorney General's Opinion likewise holds that the words "husband of a daughter," as used in **sub-paragraph 3** of §5334 GC, do not include the "widower of a daughter."

Neither the Hirsch case nor the Attorney General's Opinion directly, or by implication, indicate if a "widow" of a deceased husband upon remarriage ceases to be his "widow."

We have found a number of court decisions in other states which hold that a "widow" continues to bear the relationship of "widow" to a deceased husband after her remarriage.

In the case of In re Solms' Estate, 98 Atl. Rep. 596 (Pa.), the court, in considering the meaning of the word "widow," said "there seems to be no inflexible rule, certainly none in Pennsylvania, that the word 'widow,' when used to denote relationship to a legatee or donee, necessarily means the wife who shall survive him, when another was his wife at the making of the will or trust deed. In such case, who was really intended should be determined by a consideration of

the entire instrument, aided by the rules of construction."

In Meeker v. Draffen et al., 94 N. E. Rep. 626, it was held that the term "widow," as used in a will, was not restricted to his wife at the time the Will was made, but included the wife who survived him.

In Clay v. Edwards, 84 N. J. L. 221, 86 A. 548, the phrase "husband of a daughter," found in the inheritance tax laws, was held to include within its meaning the surviving husband of a deceased daughter, even though he subsequently married.

In Brady v. Banta et al., 26 Pac. Rep. 441, the court found that "when real estate descends to a widow and children as a homestead, and such widow marries again, but with her children continues to occupy said real estate as a homestead, the marriage of said widow does not destroy the homestead character of said real estate so as to subject it to the payment of the debts of the decedent."

The court, in the case of Mathews v. Maraden, 71 Mont. 502, 230 Pac. 775, in considering a statutory election of a "widow," concerning a dower in her deceased husband's estate, held that the remarriage of a widow did not deprive her of the right to elect to take one-half interest in the estate of her deceased husband in lieu of dower, and held that the word "widow," as used in the statutes of Montana, referred to the person and not to her then state or condition.

In In re McArthur's Estate, 292 Pac. Rep. 469, the court held that the sister and sole heir of a deceased brother was entitled, on death of widow, to his share of a community estate, regardless of widow's remarriage.

In the case of In re Ray's Estate, 35 N. Y. Supp. 481, the court considered the taxability of a bequest to a son-in-law under a statute which provided that property passing to a "wife or widow of a son" or "husband of a daughter" was not taxable when less than $10,000.00 in personal property. In that case a bequest of less than $10,000.00 was made to a son-in-law who survived his wife and also the testatrix, who was the mother of his wife. Before the death of the mother, the son-in-law remarried.

The court exempted the bequest from tax because it reasoned that the phrase "husband of a daughter" of testator includes the husband of a deceased daughter, though he remarried.

The court, to support its position, conceded that "in a technical sense, a man whose wife is dead is not a husband, still, in a sentimental and social sense, by common usage as well as by statute, such a person, upon the settlement of

estates especially, and in some other matters generally, is recognized and designated as 'husband' instead of 'widower,' which perhaps more accurately describes his relation to his dead wife."

The court also pointed out that if a wife survives a husband, she is described sometimes as "wife" and sometimes as "widow."

The court finally contended that if the legislature had intended not to use the word "husband" in that sense, it would have made its meaning clear, definite and certain by saying the "husband of a daughter, if she be living."

In commenting upon the meaning of the classification "widow of a son," the court commented as follows:

"A woman, though the wife of another, is still the widow of her former husband; though married to another woman, the husband is still the widower of his former wife; and, this being so, both come, not only within the language of the law, but within its just and reasonable construction. The law invests them with the name of 'husband' or 'wife' or 'widow' for certain legal purposes, and under these names, although the designation may not come within the definition of the dictionary, property may vest in them, whether it comes to them by legacy or otherwise. Notwithstanding the definitions of the words 'wife,' 'widow,' and 'husband,' we apprehend it is not our duty to accept them in place of the statutes of this state, which make use of these words, whether correctly or not, to designate persons entitled to certain legal rights. The words 'wife,' 'widow,' and 'husband' have obtained a legal use and significance in the settlement of estates which may not correspond to the technical definition of the lexicographers, but it is the duty of courts to give that effect to these words which long use and custom have sanctioned. Until the legislature has removed all doubt by plainly saying that the 'husband of a daughter, if she be living,' or the 'widow of a son, if she be unmarried,' are exempted from the tax, courts are justified in giving that interpretation to the transfer tax act which will make effective the objects of the law, and confer upon heirs and legatees the benefit which the legislature intended."

We believe that the Legislature of Ohio, by use of the phrase "widow of a son" found in **Sub-paragraph 3** of **§5334 GC,** used the word "widow" as being descriptive of, and the means of identifying, a certain individual woman who has lost her husband by death, rather than as referring to the unmarried status of such individual, and did not intend that, upon remarriage, such person would cease to be the "widow" of her deceased husband.

Accordingly, the exceptions of The Western Bank and Trust Company, executor of the estate of Myrtle Ione Waters, deceased, will be sustained, and the succession to Elizabeth B. Dent, as the widow of Barret Waters, shall be taxed at the rate of five per centum, as provided in **Sub-paragraph 2** of §5335 GC, with an exemption of five hundred dollars, as provided in **Sub-paragraph 3** of §5334 GC.