### CALVERT et al. v. FISHER.
### No. 10156.

Court of Civil Appeals of Texas. Austin.
July 1, 1953.

Rehearing Denied July 31, 1953.

John Ben Shepperd, Atty. Gen., W. V. Geppert, Asst. Atty. Gen., and by Marietta McGregor Creel, Asst. Atty. Gen., for appellants.

Hart, Brown & Sparks, by J. H. Hart, Austin, for appellee.

GRAY, Justice.

This is an inheritance tax case in which appellee sued to recover the amount of taxes paid by him under protest, Art. 7057b, Vernon's Ann.Civ.St.

It is the contention of appellee that he falls within Class A, Art. 7118, Vernon's Ann.Civ.St., as "the husband of a daugh-

ter". Appellants contend that appellee falls within Class E, Art. 7122, Vernon's Ann.Civ.St.

The facts were stipulated and show: Hazel Amanda McNulty was the daughter of Josephine White Connerly and her first husband; Hazel Amanda McNulty was married to appellee and died December 17, 1946. There were no children born to that marriage. On December 28, 1946, Josephine White Connerly executed her will by which she bequeathed sums of money to each of four nieces of her deceased husband F. T. Connerly and further provided:

"Subject to the foregoing legacies, I devise and bequeath a life estate in the residue of my entire estate, both real and personal, to my son-in-law, Harold W. Fisher, of Dallas, Texas, with full right on his part during his life to appropriate in any way he may wish the income accruing from my said estate. * * * Upon the death of my said son-in-law, Harold W. Fisher, I devise and bequeath the entire residue of my property then remaining on hand, of every kind and character whatsoever, to the Texas Scottish Rite Hospital for Crippled Children, a Texas corporation, this devise to be made as a memorial to my deceased daughter, Hazel Amanda Fisher, and myself, Josephine White Connerly."

On December 23, 1947, appellee married Doris LaCaff.

On November 28, 1948, Josephine White Connerly died and thereafter her will was admitted to probate. In due time there was filed in the probate court and with the Comptroller affidavits for inheritance tax appraisement on the estate of Josephine White Connerly, the taxes were assessed, appellee paid a portion of the taxes assessed against him under protest and filed this suit for recovery of the amount of taxes so paid.

This appeal by appellants is from a judgment allowing appellee recovery of the amount of taxes paid by him under protest.

The provisions of the applicable statutes are: Art. 7118. Class A. "If passing to or for the use of husband or wife, * * * or to the husband of a daughter * * * the tax shall be * * *."

Art. 7122. Class E. "If passing to or for the use of * * * any other person * * * not included in any of the classes mentioned in the preceding portions * * * the tax shall be * * *."

The sole question presented by this appeal is: Did the fact that appellee remarried during the lifetime of the testatrix and after the death of his wife Hazel Amanda destroy his status as "the husband of a daughter" of the testatrix?

In the absence of his remarriage before the death of the testatrix and in the absence of his being divorced from his wife at the time of her death, appellee's status as the husband of a deceased daughter would be established by the decisions of this Court: Lewis v. O'Hair, Tex.Civ. App., 130 S.W.2d 379, and Johnson v. Davis, Tex.Civ.App., 198 S.W.2d 129, error ref. n. r. e.

In Hamilton v. Calvert, Tex.Civ.App., 235 S.W.2d 453, 455, error ref., this Court discussed Lewis v. O'Hair, Johnson v. Davis, and Decker v. Williams, Tex.Civ.App., 215 S.W.2d 679, error ref. (In which case the status of an adopted child of a deceased wife as a "direct lineal descendant of * * * wife" was discussed and it was decided that such adopted child was entitled to be placed in Class A.) In the opinion this Court said:

"The rationale of these decisions is that affinal relationships created by marriage will survive the dissolution of such marriage by death, but do not survive if the marriage is dissolved by divorce."

In Lewis v. O'Hair, supra [130 S.W.2d 380], this Court gave a liberal construction to Art. 7118 in favor of "those having some legitimate character of claim to the donor's bounty, and this regardless of whether there be a legal kinship by blood or marriage." In the case before us the will affords the claim of appellee to the "donor's bounty."

We think the prior decisions of this Court are not decisive of the question before us.

There was no issue born to the marriage of appellee and his first wife and appellee had remarried at the death of Mrs. Connerly, the time when his interest in her estate vested. These facts determine his status as "the husband of a daughter".

The above cases recognize that the statute, Art. 7118, uses the words "wife" and "husband" in the sense of surviving wife or husband, widow or widower. This is also true of reported cases from other jurisdictions, and in some states the statutes actually use the word widow. See People v. Snyder, 353 Ill. 184, 187 N.E. 158, 88 A.L.R. 1012. We have no doubt that this is a correct interpretation of the meaning of these words. "Words in common use when used by the Legislature in a statute are to be understood as intended to express the sense in which they are ordinarily used." Texas & P. Ry. Co. v. Railroad Commission, 105 Tex. 386, 150 S.W. 878, 880.

The term widower is generally defined as a man who has lost his wife by death and has not remarried. Abrams v. Unknown Heirs of Rice, 317 Mo. 216, 295 S.W. 83; 68 C.J. pp. 263 and 264; Vol. 45, Words & Phrases, "Widower", page 138; Webster's International Dictionary, 2nd Ed.; People v. Snyder, supra.

We recognize that the holding of the courts of other jurisdictions are not in accord on the question before us.

We have read and considered, at least, some of these decisions. In re Rheads' Estate, 288 Mich. 220, 284 N.W. 706, by the Supreme Court of Michigan; In re Water's Estate, Ohio Prob.Ct., 101 N.E.2d 815, and many of the authorities therein cited. Speaking of some such holdings, in Canal National Bank of Portland v. Bailey, 142 Me. 314, 51 A.2d 482, 483; the Supreme Court of Maine said:

"Many cases throughout the country, in construing the words 'widow' and 'widower', have held that in the event of remarriage certain statutory rights remain. A study of such cases reveals, in most instances, that the right had attached, and would not be lost by subsequent marriage. Other cases involve rights that became fixed at the moment when a person became a widow or widower, and the right could not be divested. The case of [In re] Ray's Estate, 1895, 13 Misc. 480, 35 N.Y.S. 481, seems to be one case that supports the petitioners' claim, but this case disregards well-established and accepted definitions, and is in contradiction of the rule in [Inhabitants of Town of] Solon v. Holway, 130 Me. 415, 157 A. 236. See also Commonwealth v. Powell, 51 Pa. 438; Vol. 45, Words and Phrases, 1940, p. 146, where authorities are collected, and 68 Corpus Juris, 263, 'Widow', 'Widower'."

The facts in that case are parallel to the facts here and the court said:

"[2] At the time when the property of the decedent passed by his will to Arthur J. Conley, Arthur J. Conley was not the husband of the testator's daughter. The daughter was dead. He was not the widower because he was again married.

"The right to be considered the widower of testator's deceased daughter did not attach to Arthur J. Conley at the time of the testator's death, for the reason that at that time he had a wife living."

We are in accord with this holding and we follow it here.

The Legislature of course could have eliminated the question here presented by amending the statute. However the record shows that for about eighteen years the Comptroller's Office has construed the statute as we have interpreted it. If in fact the Legislature has ever thought clarification of the meaning of the statute necessary, this long standing construction by the department charged with the duty of administrating it would suggest the Legislature was satisfied and deemed an amendment not necessary. Moreover this departmental construction is entitled to great weight here. 39 Tex.Jur. p. 235, Sec. 126.

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing by his suit.

Reversed and rendered.

ARCHER, Chief Justice (dissenting).

In view of the prior holdings of this Court in Lewis v. O'Hair, Tex.Civ.App., 130 S.W.2d 379, and Decker v. Williams, Tex.Civ.App., 215 S.W.2d 679, I respectfully dissent.