

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 29, 1957

Hon. Robert S. Calvert          ·          Opinion No. WW-9
Comptroller of Public Accounts
Capitol Station                    Re:   Classification for
Austin, Texas                             inheritance tax purposes
                                          of a deceased daughter's
                                          former husband who had
                                          remarried and been
                                          divorced prior to decedent's
Dear Mr. Calvert:                         death.

        You have advised us of the following facts. Jessica S.
Pike died on March 16, 1956. Under the terms of her will, she
devised and bequeathed all of her estate to her daughter, Phyllis
Pike Cahn and to David D. Cahn, or the survivor of them. At the
time of the execution of the will, David D. Cahn was married to
Phyllis Pike Cahn, who died on September 2, 1951. David D. Cahn
remarried on November 5, 1954, and was divorced from his second
wife on June 23, 1955. He was unmarried on the date of death of
Jessica Pike Cahn.

        You state that the attorneys for the estate have taken the
position that David D. Cahn should be classified for inheritance
tax purposes under Class A - Article 7118, Vernon's Civil Statutes,
and request that we advise you as to the proper classification. If
Mr. Cahn cannot be classified under Class A, he will necessarily
be classified under Class E - Article 7122, V.C.S.

        The pertinent provisions of Article 7118, read as follows:

        "If passing to or for the use of . . . the husband
of a daughter, or the wife of a son, the tax shall be
. . ."

        Mr. Cahn is thus seeking to come within the Class-A
group provided for a "husband of a daughter. . ." This provision
and the corollary provision for "wife of a son" have been construed
by our courts.

        In Lewis v. O'Hair, 130 S.W.2d 379 (Tex.Civ.App. 1939)
the court held that the surviving wife or widow of a deceased son
of the decedent came within the provision above quoted for a "wife
of a son". We quote the following excerpt from page 379:

"Appellee, Mrs. Hattie O'Hair, the party assert-
ing the right to be placed in Class A, is the surviving
wife (not having remarried) of Will O'Hair, who died in
1919." (Emphasis supplied.)

In Calvert v. Fisher, 259 S.W.2d 944 (Tex.Civ.App., 1953,
error ref.) the court was concerned with the following facts. The
decedent's daughter, who predeceased her, had been married to one
of the beneficiaries named in the will. Subsequent to the daughter's
death and prior to the death of the decedent, the beneficiary had
remarried and was married at the date of the death of the decedent.

The court held that the beneficiary should be classified
for inheritance tax purposes under Class E rather than under Class
A. At page 945 the court said:

"The sole question presented by this appeal
is: Did the fact that appellee remarried during the
lifetime of the testatrix and after the death of his
wife Hazel Amanda destroy his status as 'the
husband of a daughter' of the testatrix?"

In holding that the status of "husband of a daughter" was
destroyed by remarriage during the decedent's lifetime, the court
pointed out that both the O'Hair case and Johnson v. Davis, 198
S.W.2d 129 (Tex.Civ.App. 1946, error ref.,n.r.e.) recognize that
Article 7118 uses the words "wife" and "husband" in the sense of
surviving wife or husband, widow or widower. The court reasoned
that the term "widower" should be given the sense in which it is
ordinarily used and that the accepted meaning of the word is "a
man who has lost his wife by death and has not remarried."

We think that the Calvert case is controlling since the
Supreme Court refused writ of error.

The various inheritance tax classification provisions and

and the facts which are determinative of one particular relation or
status would not be relevant to a determination of the existence of
a different status or relation. The status of a "surviving husband" or
"widower" of a daughter of the decedent was completely destroyed by
Mr. Cahn's remarriage. It was this status upon which a favorable
classification depended and it was non-existent at the date of the
decedent's death.

## SUMMARY

"The decedent's deceased daughter's former husband,
who had remarried and been divorced prior to

decedent's death, should be classified
for inheritance tax purposes under Class E -
Article 7122, V.C.S. Calvert v. Fisher, 259
S.W.2d 944 (Tex.Civ.App., 1953, error ref.).

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Marietta McGregor Payne*

Marietta McGregor Payne
Assistant

MMP:cs

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman