

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 18, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Mr. Calvert:

Opinion No. WW- 883

Re: Correct filing date for
the annual report of Tax
Collectors under Articles
7260 and 7336, V.C.S., and
penalty under Article 133,
Penal Code.

     Your recent letter requests that we advise you the correct date for tax collectors to file their annual reports with your office, according to Articles 7260 and 7336, V.C.S., and also the effect of Article 133, Penal Code, upon this duty.

     Article 7260 directs the tax collector to make monthly reports to the Comptroller setting out tax items collected by him during the month, and, upon submitting such monthly reports, pay over to the State Treasurer the moneys so collected for the State. Section 4 of the Article then provides as follows:

> "The Tax Collector shall pay over to the
> State Treasurer all balances in his hands
> belonging to the State, and finally adjust
> and settle his account with the Comptroller
> on or before the first day of May of each year,
> and to enable him to do so, the Commissioners'
> Court shall convene on or before the third
> Monday in April for the purpose of examining
> and approving his final settlement papers."

     Article 7336 sets out the dates when certain taxes shall become delinquent, and the penalties which shall accrue thereafter. Section (e) then provides as follows:

> "The Assessor and Collector of Taxes
> shall, as of the first day of July of each
> year for which any State, county and district
> taxes for the preceding year remain unpaid,
> make up a list of the lands and lots and/or
> property on which any taxes for such preceding
> year are delinquent, charging against the same
> all unpaid taxes assessed against the owner

thereof on the rolls for said year.

" . . . . .

"Said list shall be made in triplicate
and presented to the Commissioners' Court
for examination and correction, and after
being so examined and corrected said list
in triplicate shall be approved by said
Court.  One copy thereof shall be filed with
the County Clerk or Auditor, one copy retained
and filed by the Assessor and Collector of
Taxes, and one copy forwarded to the Comptroller
with the annual settlement report of the
Assessor and Collector of Taxes."

Since the latter statute requires that the delinquency
report be forwarded to the Comptroller as of July 1, with the
annual settlement report which is required to be filed on or
before May 1, it is impossible for the Assessor-Collectors to
comply with the literal terms of both statutes.

You advise us in your letter that the Comptroller has
required since the fiscal year ending June 30, 1938, that both
the delinquent report and the annual report be filed as of the
first day of July.  It is our opinion that this is a correct
requirement and should be adhered to, for reasons which we shall
set out.  It is our further opinion that Article 133, Penal
Code, has no application to the reports required to be filed with
your office.

Since both Articles deal with the same subject and
relate to duties of tax collectors, they are in pari materia and
should be construed together.  State v. Dyer, 145 Tex. 586, 200
S.W.2nd 813 (1947); Wintermann v. McDonald, 129 Tex. 275, 102
S.W.2nd 167, 104 S.W.2nd 4 (1937).  So construing them, as
pointed out, creates an ambiguity in the conflict of dates.
Obviously the intention of the Legislature was to make it the
duty of the Tax Collector in each county to provide the
Comptroller with information, through such required reports,
which would present a complete record of tax collections and
property on which delinquent taxes were still due, as of a certain
date.  Legislative intent in enacting the law is the law itself.
City of Mason v. West Texas Utilities Co., 150 Tex. 18, 237
S.W.2nd 273 (1951); Reed v. Waco 223 S.W.2nd 247 (Tex.Civ.App.
1949, err.ref.).  Such intent will be given effect even though it
involves a departure from the strict letter of the law.  State v.
Dyer, Supra; Brown & Root v. Durland, 126 Tex. 20, 84 S.W.2nd

1073 (Tex.Com.App. 1935, Op. Adopted). We therefore believe that both reports should be filed as of July 1 of each year.

We note that your office has, since 1938, required the annual settlement statement to be filed on July 1 of each year, along with the delinquent tax list. Where the interpretation of a statute by the agency charged with its administration has continued unchallenged over a long period of time, that interpretation is entitled to great weight. Associated Indemnity Corp. v. Oil Well Drilling Co., 258 S.W.2nd 523 (Tex.Civ.App. 1953), aff'd 153 Tex. 153, 264 S.W.2nd 697 (1954); Calvert v. Fisher, 259 S.W.2nd 944 (Tex.Civ.App. 1953); Thompson v Calvert, 301 S.W.2nd 496 (Tex.Civ.App. 1957). We feel that your administrative interpretation during the past 22 years is entitled to such weight, and furnishes further support for our opinion as stated above.

Article 133 of the Penal Code provides as follows:

"If at the end of any month the collector of taxes shall fail to make to the Commissioners Court his itemized monthly report of all tax collections for the county, or pay over to the county treasurer the amount due by him to the county, or if he shall fail to make out and post, between April 1 and 15 of each year, a list of delinquent or insolvent tax payers, he shall be fined not less than three hundred nor more than one thousand dollars. Each failure is a separate offense."

This is the wording of the Article as contained in the revised Penal Code of 1925. Its original source stated therein was p. 91, Acts of 1893. This is the same original source as Article 7260 and also Article 7263, Revised Civil Statutes, which latter article reads as follows:

"The tax collector shall make out on forms to be furnished for that purpose by the Comptroller, between April first and the fifteenth of each year, list (sic' of delinquent or insolvent taxpayers, the caption of which shall be, the 'list of delinquent or insolvent taxpayers.' In this list he shall give the name of the person, firm, company, or corporation from whom the taxes are due, in separate columns; and he shall post one copy of these delinquent or insolvent lists at the courthouse door of the county, and one list at the courthouse door,

or where court is usually held, in each
justice precinct in his county; and the tax
collector, upon the certificate of the
commissioners court that the persons appearing
on the insolvent or delinquent lists have no
property out of which to make the taxes
assessed against them, or that they have moved
out of the county, and that no property can be
found in the county belonging to such persons,
out of which to make the taxes due, shall be
entitled to a credit on final settlement of
his accounts for the amounts due by the
persons, firms, companies, or corporations
certified to by the commissioners court, as
above provided for."

Note that Article 133 of the Penal Code assesses a
penalty upon the tax collector should he (1) fail to make
his itemized monthly report of tax collections for the county
to the Commissioners Court, or (2) fail to pay over to the
treasurer the amount due or (3) fail to make out and post a
list of delinquent and insolvent taxpayers, between April 1
and 15. These first two items are duties assigned him under
Article 7260. The third obviously refers to the duty assigned
him by Article 7263; that is, compiling a list of delinquent
and insolvent taxpayers, then posting one copy at the door of
the county courthouse and one at the place of court in each
justice precinct. These are not the lists previously discussed
which must be filed with the Comptroller. The apparent purpose
of such posting is to apprise the persons, firms, and cor-
porations listed thereon of the fact that there are unpaid taxes
in that county chargeable to them. Doubtlessly the posting date
of these lists is set between April 1 and April 15 so as to give
the taxpayers listed thereon ample time within which to make
payment if they so desire before the time set for the annual
settlement report. Since the list referred to in this Article
is separate and distinct from the lists previously discussed
which are required to be filed with your office, it is
apparent that the penalty provisions therein would not enter
into the question of the correct filing date for such state-
ments.

## SUMMARY

The tax collector's annual settlement report
and list of lands, lots and property on which
taxes are delinquent should both be filed with
the Comptroller of Public Accounts on July 1.

Article 133, Penal Code, concerns separate duties
of the tax collector and hence is irrelevant
to such filing date.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _James R. Trion_
JAMES R. TRION
Assistant

JRI:jip

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Arthur Sandlin
John Phillips
John L. Estes
Wallace Finfrock

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore