

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 11, 1965

Honorable Robert S. Calvert
Comptroller of Public Accounts
State of Texas
Austin, Texas

Opinion No. C-454

Re: Whether the Comptroller
of Public Accounts will
be required to collect
the difference in tax
of 3 cents per package
on cigarettes stamped
at the old rate on hand
as of the closing of
business on June 30,
1965, and related
question.

Dear Sir:

     We are in receipt of your letter requesting an opinion on the above captioned matter.

     We quote the following from your letter:

> "The 59th Regular Session of the Texas
> Legislature passed House Bill #1181
> (copy attached) which amended Article
> 7.06 of Chapter 7, Title 122A, Taxation-
> General, Vernon's Texas Civil Statutes,
> requiring an additional tax in the
> amount of $3.50 per thousand on ciga-
> rettes in addition to the tax levied by
> Article 7.02; therefore, changing the
> cigarette rate from 8¢ to 11¢ per
> package or 80¢ to $1.10 per carton.

> "This department requests an official
> opinion from you as to what effect the
> passing of House Bill #1181 will have
> upon Article 7.08 of Chapter 7. Will
> this department be required to collect
> the difference in tax of 3¢ per package
> on the cigarettes stamped at the old
> rate on hand as of the closing of
> business on June 30, 1965?

-2155-

"If we are required to collect this
additional tax, please advise if the
procedures in Article 7.08 are
applicable for the collection."

The caption of House Bill No. 1181 reads:

"AN ACT amending Article 7.06, Title
122A, Taxation-General, Revised Civil
Statutes of Texas, 1925, as added;
levying an additional tax on cigarettes;
providing an effective date; and
declaring an emergency."

The first two Sections of this Act read as follows:

"Section 1.  Article 7.06, Title 122A,
Taxation-General, Revised Civil Statutes
of Texas, 1925, as added by Chapter 1,
Acts of the 56th Legislature, Third
Called Session, 1959, is amended to read
as follows:

'Article 7.06.  Additional Tax.

'(1)  In addition to the tax levied by
Article 7.02 herein, there is hereby
imposed a tax of Three Dollars and Fifty
Cents ($3.50) per thousand on cigarettes
weighing not more than three (3) pounds
per thousand and Three Dollars and Fifty
Cents ($3.50) per thousand on those
weighing more than three (3) pounds per
thousand on all cigarettes used or other-
wise disposed of in this State for any
purpose whatsoever.  The tax shall be
paid only once by the person making the
"first sale" in this State and shall
become due and payable as soon as such
cigarettes are subject to a "first sale"
in Texas, it being intended to impose
the tax as soon as such cigarettes are
received by any person in Texas for the
purpose of making a "first sale" of
same.  No person, however, shall be
required to pay a tax on cigarettes
brought into this State on or about his
person in quantities of forty (40)

cigarettes or less when such
cigarettes have had the individual
packages or the seals thereof broken
and when such cigarettes are actually
used by said person and not sold or
offered for sale.

'(2)  Payment of the tax shall be
evidenced by stamps purchased from
the Treasurer and securely affixed to
each individual package of cigarettes
covering the tax thereon as imposed
by this Chapter; provided that such
stamps may be purchased and affixed to
such individual packages of cigarettes
by a manufacturer of cigarettes out-
side this State, in which case no
further payment of tax shall be
required; provided, further, that
such stamps shall not be required to
be purchased and affixed to sample
packages of cigarettes containing no
more than five (5) cigarettes per
package, when the manufacturer of the
cigarettes reports and pays the tax
thereon directly to the State.

'(3)  The net revenue derived from the
tax levied under this Article shall be
credited to the General Fund of this
State.  Provided, no portion of the
revenues derived under this Article
shall be set aside to any fund for
the administration and enforcement
of the cigarette tax law of this State.
Provided, further, the net revenues
collected under this Article may be
credited daily to the Omnibus Clearance
Fund hereafter referred to in this Act
and on the first day of each month
following the collection of the net
revenues derived under this Article,
the said net revenues shall be credited
to the General Fund, except that the
net revenues derived under this Article
during the month of August of each year
shall be credited to the General Fund
on the thirty-first day of August of
each year; it being specifically under-
stood that no portion of the said net

revenues of this Article shall
remain or be distributed under the
provisions governing the said
Clearance Fund.'

"Sec. 2. This Act shall take effect
on July 1, 1965."

Section 3 is the emergency clause of the bill and is
omitted because not pertinent to your inquiry.

Examination of this amendatory statute reveals that it is
virtually an identical tax levy in all respects as imposed by
the existing Art. 7.06, except that the tax levied is $3.50
per thousand on the cigarettes rather than the existing $2.00
per thousand.

The Legislature, by Art. 7.02(3), has previously declared
that,

"The impact of the tax levied by
this Chapter is hereby declared to
be on the vendee, user, consumer,
or possessor of cigarettes in this
State and when said tax is paid by
any other person, such payment shall
be considered an advance payment and
shall thereafter be added to the
price of the cigarettes and recovered
from the ultimate consumer or user."

Art. 7.41 declares the nature of the tax to be an excise or
use tax.

By Chapter 7, known as the "Cigarette Tax Law," the Legis-
lature has provided a comprehensive plan for the levy, adminis-
tration, and enforcement of that law. For example, Article
7.36 imposes a penalty on whoever shall make a first sale of
any cigarettes without the proper stamp being affixed to each
package. Art. 7.35 imposes the duty of collection, supervision,
enforcement of the taxes and penalties of the provisions of the
entire Chapter on the Comptroller and gives that officer the
power and authority to make and publish rules and regulations
for the enforcement of said Chapter. Art. 7.08 provides the
procedure and basis for collection of the taxes levied under
Art. 7.02 and 7.06. Paragraph (3) of Article 7.08, in part,

provides:

> ". . .Every retail dealer and
> wholesale dealer having cigarettes
> to which stamps of the old
> denomination are affixed in his
> stock in quantities of two thousand
> (2,000) or more on the effective
> date of this Chapter shall immediately
> inventory the same and file a report
> of such inventory to the Comptroller
> and attach to such inventory a
> cashier's check payable to the State
> Treasurer in a sum equal to the
> amount of additional tax due on such
> cigarettes computed at the new rate
> provided in this Chapter. . . ."

The administrative construction of this Chapter, as amended and levying an additional tax is in accord with the interpretation we make of the statute in question. The Legislature has amended the statute on several prior occasions (1955 and 1959) and used the identical language of the prior statute as it has done on this occasion. The Legislature has met numerous times since the departmental construction and administration of the Chapter by the Comptroller, and the Legislature is presumed to have had such construction in mind in amending the statute herein being construed. Isbell v. Gulf Union Oil Co., 147 Tex. 6, 209 S.W.2d 762, 766 (1948); Calvert v. Fisher, 259 S.W.2d 944 (Tex.Civ.App. 1953, error ref.).

The amended Art. 7.06 (House Bill 1181), being an excise revenue measure, when subject to construction, must be construed as most effectually to accomplish the legislative intent. They are to be interpreted fairly for the state, justly for the citizen, and liberally construed so as to effectuate their purpose of collecting money in aid of revenue. 54 Tex.Jur.2d 165, Taxation, Sec. 41.

We do not find any ambiguity or obscurity as to legislative intent in the above statute.

The Amendment here was obviously designed and intended to alter Art. 7.06 only in the amount of tax to be levied on the first sale by all parties subject thereto after the close of business on June 30, 1965. Art. 7.06, as amended, thus becomes a part of the original Chapter 7 and takes the place of the prior Art. 7.06. 53 Tex.Jur. 136, Statutes, Sec. 90; 82 C.J.S. 411, Statutes, Sec. 243; and cases cited in said

texts. The general rules relating to construction of statutes apply to such a statute as this imposing a license or excise tax, and all the provisions of the Act should be considered and construed as a whole to the end that all parts may be harmonized wherever possible. 36 Tex.Jur.2d 630, Licenses, Sec. 37; 53 C.J.S. 492, Licenses, Sec. 13; and cases cited in said texts.

We think the expressed intent of the Legislature in Section 1, sub-section (1) and (2) of House Bill 1181, is to levy an additional cigarette tax of $3.50 per thousand on all persons "making the first sale" in Texas on and after July 1, 1965, and that payment thereof "shall be evidenced by stamps purchased from the Treasurer and securely affixed to each individual package covering the tax thereon as imposed by this Chapter. . . ." Therefore, any sale by any person on or after July 1, 1965, must be evidenced by the proper stamp paid for at the new rate levied, and any other sale is outlawed and subject to the penalties provided in Art. 7.36 of Chapter 7.

The language of the statute is broad enough and its object general enough to reach conditions, persons, subjects, and business within its purview and scope and coming into existence subsequent to the passage of the Amended enactment. 50 Am.Jur., Statutes, Sect. 237; 82 C.J.S. Statutes, Sec. 319; Sutherland-Statutory Construction, Vol. 2, 3rd Ed., Sec. 5102; Browder v. U. S. of America, 312 U.S. 335, 85 L. Ed. 862, 61 S.Ct. 599 (1941); Oil Well Drilling Co. v. Associated Indemnity Corp., 258 S.W.2d 523, 529, Affirmed, 153 Tex. 153, 264 S.W.2d 697 (1954).

We therefore answer your first question in the affirmative, and the Comptroller is required to collect the difference in tax of three cents per package on cigarettes stamped at the old rate on hand by one who after midnight, June 30, 1965, makes a "first sale".

You also ask the related question of whether the procedures in Art. 7.08 are applicable for collection. We answer this question in the affirmative also, being of the opinion that the procedures therein are adequate and pertinent. The numerous date references therein to the "effective date of this Chapter" should be harmonized and interpolated to intend and mean, in effect, "the effective date of this Chapter, as amended," in accordance with the well settled general rules or canons of statutory construction. If some procedural provision in Art. 7.08

cannot be harmonized or made applicable to the enforcement of the new tax levy, then we believe the Comptroller has the power and authority to make and publish the necessary rules and regulations to effect the collection procedures, as authorized and contemplated in Art. 7.35(1). Under Art. 7.08 (1), the Comptroller is expressly given the authority to design the tax stamps in such size and denomination as may be needed to carry out the purposes of Chapter 7.

## S U M M A R Y

The Comptroller of Public Accounts will be required to collect the difference in tax of three cents per package on cigarettes stamped at the old rate on hand after midnight June 30, 1965, under House Bill No. 1181, amending Art. 7.06, Title 122A, Taxation-General. The procedures in Art. 7.08 would be generally applicable for the collection of the additional tax as levied.

Very truly yours,

WAGGONER CARR
Attorney General

By: Kerns B. Taylor
Assistant

KBT:dl

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Arthur Sandlin
Harold Kennedy
Robert L. Lemens
Jack Goodman

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright