

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 23, 1970

Hon. E. M. Lawrence
Executive Secretary
Texas Board of Licensure for
  Nursing Home Admininistrators
6225 U.S. Highway 290 East
Austin, Texas

Hon. J. E. Peavy
Commissioner of Health
Texas State Department of Health
1100 W. 49th Street
Austin, Texas

Opinion No. M- 713

Re: Whether the Board of
    Licensure for Nursing
    Home Administrators and
    the State Department of
    Health may share infor-
    mation received by such
    agencies under Articles
    4442c and 4442d, Vernon's
    Civil Statutes.

Gentlemen:

        You have requested the opinion of this office regarding
the above matter. In this connection you have provided us with the
following information:

        "The Texas Board of Licensure for Nursing
Home Administrators was created to administer the
licensing of nursing home administrators pursuant
to Article 4442d, Tex. Rev. Civ. Stat. Ann. (1969),
and one of the functions of the Texas State Depart-
ment of Health is to administer the licensing of
'institutions,' which is defined in Article 4442c
(2), Tex. Rev. Civ. Stat. Ann. (1969) to include
nursing homes. In the course of carrying out its
functions, each agency gathers information which
would be of great use to the other; however, at
the present time each agency is reluctant to share
its records because of the possibility that the
confidential nature of such records prohibits
access thereto by any entity other than the agency
which gathered the information.

        "Accordingly, the Texas Board of Licensure
for Nursing Home Administrators, speaking unanimously,
requests the Attorney General's Opinion on the follow-
ing question:

-3449-

"Does the Board have the authority to di-
vulge to the Texas State Department of Health
the information and records which it gathers in
the course of performing its functions and duties
under Tex. Rev. Civ. Stat. Ann., Art. 4442d (1969)?

"Similarly, the Texas State Department of
Public Health requests the Attorney General's
opinion on the following question:

"Does the Texas State Department of Health
have the authority to divulge to the Texas Board
of Licensure for Nursing Home Administrators the
information and records it gathers in the course.
of performing its functions and duties under Tex.
Rev. Civ. Stat. Ann., Art. 4442c (1969)?

"Although there are two questions submitted
because of the possibility of different answers,
neither agency has an objection to a consolidated
response to both questions in the event such an
opinion can be rendered.

"The activities of the Health Department and
the Board overlap to such an extent that the sharing
of information would greatly reduce the workload im-
posed upon each agency and, therefore, would result
in a savings to the taxpayer. . . ."

At the outset we would point out that Article 4442d,
Vernon's Civil Statutes, which controls the operations of the
Board of Licensure for Nursing Home Administrators, contains no
specific statement regarding a limitation on the public nature of
its files and records. Accordingly, it is our conclusion that such
records would be reasonably available to the public and that no
problem exists as to making such records available to the State
Department of Health.

With regard to the matter of whether the State Department
of Health may make its records available for use by the Board of
Licensure for Nursing Home Administrators, we are faced with the
provisions of Section 13, Article 4442c, Vernon's Civil Statutes,
which reads as follows:

"Sec. 13.   Information received by the
Licensing Agency /State Department of Health/
through filed reports, inspection, or as otherwise

authorized under this law <u>shall not be disclosed</u>
<u>publicly</u>, except as author<u>ized elsewhere in this</u>
<u>Act</u>, in such manner as to identify individuals or
institutions as defined herein except in a pro-
ceeding involving the question of licensure."
(Emphasis added.)

The phrase "shall not be disclosed publicly" has not previously
been the subject of any opinion by this office, nor have we been
able to discover a reported case wherein this particular phrase
has been examined. Since the Legislature did not specially define
the phrase we must interpret the words in the sense in which they
are ordinarily used. <u>Calvert v. Fisher</u>, 259 S.W.2d 944 (Tex.Civ.
App. 1953, error ref.). When viewed from this aspect, we admit to
some uncertainty as to just what types of disclosures might be for-
bidden by the phrase in question. The tendency is to restrict such
statutes to only the relationships particularly named by strict
construction. 97 C.J.S. 741, Witnesses, Sec. 254. However, it
seems clear that an interagency sharing of the data, in carrying
out a related administrative aim, could not be considered as a
public disclosure of the information. Attorney General Opinions
Nos. 0-2319 (1940) and M-388 (1969). Communications between
government officers are privileged and are not deemed public. 97
C.J.S. 747, Witnesses, Sec. 264a.

In connection with the foregoing, we would note that any
such records from the State Health Department which come into the
possession of the Board of Licensure for Nursing Home Administrators
must retain their original confidential status, and the said Board
would be responsible for insuring against their public disclosure.

You are accordingly advised that it is the opinion of
this office that the provisions of Article 4442d, Vernon's Civil
Statutes, permits the Board of Licensure for Nursing Home Adminis-
trators to provide pertinent information as desired to the State
Department of Health. The State Department of Health is authorized
under the provisions of Article 4442c, Vernon's Civil Statutes, to
provide file information to the Board of Licensure for Nursing Home
Administrators for its own confidential use.

## S U M M A R Y

The provisions of Article 4442d, Vernon's
Civil Statutes, permits the Board of Licensure
for Nursing Home Administrators to provide per-
tinent information as desired to the State Depart-
ment of Health. The State Department of Health is
authorized, under the provisions of Article 4442c,

Vernon's Civil Statutes, to provide file information to the Board of Licensure for Nursing Home Administrators for its own confidential use.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Rex White
Jack Sparks
Fisher Tyler
Max Hamilton

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant