REQUESTED BY: Donald L. Knowles, Douglas County Attorney, 406 Courthouse, Omaha, Nebraska 68102.
1. Is the widow of a veteran who remarries entitled to benefits as a veteran's widow under section 80-403, R.R.S. 1943, upon termination of the second marriage by divorce or death of her second husband?
2. Is such a person entitled to the homestead exemption provided for by section 77-202.13(3), R.R.S. 1943?
1. No.
2. No.
1. Section 80-403, R.R.S. 1943, permits money to be disbursed through the Director of Veterans' Affairs under certain conditions to furnish food, shelter, fuel, wearing apparel, medical or surgical aid, or in assisting with the funeral expenses of veterans as defined in section80-401.01, their wives, widows, and children. You ask whether a widow of such a veteran who remarries, and whose second marriage ends in divorce or death of the husband again becomes the widow of the veteran, for purposes of section80-403.
You have pointed out that 38 U.S.C. § 103 provides in part:
 "The remarriage of the widow of a veteran shall not bar the furnishing of benefits to her as the widow of the veteran if the remarriage has been terminated by death or has been dissolved by a court with basic authority to render divorce decrees unless the Veterans' Administration determines that the divorce was secured through fraud by the widow or collusion."
You are asking whether we should adopt a similar rule. We conclude that we cannot, because we have absolutely no statutory authority for it.
Black's Law Dictionary, Revised Fourth Edition, defines a widow as a woman whose husband is dead, and who has not remarried. We have read a number of cases interpreting the word `widow' and while varying results have been arrived at, almost all of them acknowledge that the above definition is the ordinary one.
Cases can easily be found holding that, for certain purposes, a widow does not lose certain rights as a widow by remarriage. Other, virtually indistinguishable cases hold that she does. An annotation in 72 A.L.R. 1324 discusses several of these cases. A discussion of the distinctions made is found in Inhabitants of Town of Solon v. Holyway,157 A. 236 (Me. 1971), which involved a widow of a Civil War veteran who remarried. Upon the death of her second husband, she claimed a tax exemption as the widow of the veteran. The court rejected the claim, saying a widow is a woman whose husband is dead and who has not remarried, and added:
 "Cases which might at first glance seem opposed to this principle are distinguishable. In some instances the legislative intent has been to make the statute applicable to a person regardless of her remarriage; and, in others, the term `widow' has been used to designate the person, who would, on the death of her husband, acquire a vested interest as in the case of a homestead exemption (citations omitted), or a vested right such as may be given in the Compensation Acts (citation omitted)."
In the case of In re. Embirico's Estate,52 N.Y.S.2d 425 (1944), the court said that authoritative dictionaries and decisions of New York and other jurisdictions indicate that the word `widow' had a fixed and definite meaning, a woman who had lost her husband by death and had not married again. We find nothing in section 80-403 that indicates that the word `widow' was used to indicate a person, as opposed to a status, and therefore conclude that the ordinary definition should be used. We point out that we have no statutory basis whatever to reach the result achieved by38 U.S.C. § 103. As a matter of fact, the provision of that section which we have quoted recognizes that she ceases to be a widow upon remarriage, and simply provides for restoration of the status upon termination of the marriage. Were we to hold that remarriage does not terminate her status as a widow, we would be constrained to hold that she was still the widow of the veteran during the second marriage, and presumably, entitled to the benefits provided by section80-403. We find no basis for believing that was the legislative intent. We therefore conclude that the remarriage terminates her status as the widow of the veteran, and that it cannot be restored.
2. You also ask about the status of such a person, so far as the homestead exemption provided by section77-202.13(3) is concerned. We believe the answer to that is very simple, because we do not need to rely upon general definitions. That subsection gives the exemption to `unremarried widows' of veterans or servicemen. Under no interpretation of the statute could a woman who had entered into a second marriage be ever again `unremarried,' even if the second marriage is terminated by death or divorce. We therefore believe the statute specifically excludes her from the exemption.